## JONES v. BOYKIN.

1. Pleadings—Cause of Action—Real Property—Demurrer—Tax Deed.—A complaint stating a cause of action for recovery of land does not state facts, defeating a recovery, by alleging that defendant claims under tax deed based on a sale for taxes procured by him by alleged facts, which if true would make the deed null and void for fraud, or estop the defendant from asserting the deed.

2. LIMITATION OF ACTIONS—TAX SALE.—The limitation in the tax statutes as to bringing action to recover land sold for taxes, is a statute of limitation and is affected by the disability of infancy.

Before KLUGH, J., Kershaw, February, 1903.    Reversed.

Action by Mary L. Jones *et al.* against Burrell H. Boykin. From order sustaining demurrer to complaint, plaintiffs appeal.

*Mr. A. B. Stuckey,* for appellant, cites: *Limitaton in tax statute does not begin until sheriff puts purchaser in possession:* 62 S. C., 505.    *The irregularity of assessing this land in name of persons unknown cannot be cured by possession for two years:* 41 S. C., 540.

*Messrs. Kirkland & Moore,* contra, cite: *Rule that demurrer must go to whole cause of action is not violated in this case:* 64 S. C., 221; 5 Ency. P. & P., 336, 337.    *Two years possession under deed from tax sale makes all presumptions conclusive:* Code 1902, 426, 427; 31 S. C., 547; 25 Ency., 1 ed., 738, 740.    *Assessment in name of persons "unknown," is lawful:* Code 1902, 343; 33 S. C., 164; Cool. on Tax., 278, 279.    *As to the nature of the limitation:* 19 Ency., 150, 151, 354, 355; Cool. on Tax., 354, 355.

November 30, 1904.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The plaintiffs in this case appeal from an order of Judge Klugh sustaining a demurrer to the complaint for insufficiency, in so far as it attempted to set up a legal cause of action for the recovery of land.    The complaint is as follows:

"I. That many years since, James Ammons, of said county and State, departed this life intestate, seized and possessed, and being the owner in fee of all that tract of land, situate in said county and State, containing seventy-two acres, more

or less, bounded by lands owned by persons now or formerly, as follows : * * * That Mrs. M. A. Ammons departed this life intestate on the 11th day of June, 1900, leaving the three daughters of the said James Ammons, deceased, being also her daughters, as her sole heirs at law. That the said Janie Boykin also departed this life intestate on the    day of April, 1902, leaving as her sole heirs at law, her husband, the plaintiff, Ellie Boykin, and her son, the plaintiff, Ottis A. Boykin, the latter being an infant under the age of twenty-one years; his father, the said Ellie Boykin, has been appointed his guardian *ad litem* for the purposes of this action by L. A. Wittkowsky, Esq., the master for said county.

"II. That the plaintiffs herein are seized in fee and entitled to the immediate possession of the tract of land above described.

"III. That the defendant, Burrell H. Boykin, is in possession of said tract of land, and unlawfully withholds the same from the plaintiffs, to their damage in the sum of one hundred dollars.

"IV. Plaintiffs further allege that on or about the year 1887, the said Mrs. M. A. Ammons, being then in possession and control of said tract of land, each of her daughters aforesaid being under the age of twenty-one years, placed the defendant in possession of said premises, under an agreement to collect the rents, account to her for the same and pay the taxes upon said premises. That the said defendant continued for one or two years to collect the rents and account to the said Mrs. M. A. Ammons therefor, and paid the taxes upon said premises. That afterwards, while he was thus in possession, and while it was thus his duty to pay the taxes upon said premises, the defendant neglected and failed to pay the same, and although the said land had been duly assessed prior thereto on the tax books of said county in the name of the said Mrs. M. A. Ammons, the auditor for said county neglected and failed to bring the same forward on the books

as an assessment against Mrs. M. A. Ammons, but procured the said land to be advertised and sold for delinquent taxes as belonging to person or persons unknown, that under such sale the defendant herein became the purchaser, well knowing that the said tract of land was known to belong to the said Mrs. M. A. Ammons and her daughters aforesaid, and while he was in possession of the same and while it was his duty to pay the taxes thereon, and he received a deed therefor from the sheriff of said county, dated June 23, 1892. That said defendant neglected and failed to record the said deed in the office of the clerk of the court for said county until the present year, 1902, soon after the plaintiffs required of him the possession of said lands. That the said tax sale, the assessment of said taxes and the said deed executed to the defendant, are null and void under the law.

"V. That the defendant has received and enjoyed all the rents, incomes and profits from the said premises since June 23, 1892, aggregating the sum of two hundred dollars, and should be required to pay the same to the plaintiff.

"Wherefore, the plaintiffs demand judgment against the defendant:

"1. For the possession of said property.

"2. For the sum of one hundred dollars damages against the defendant for his unlawful withholding the same from the plaintiffs.

"3. That said sheriff's tax deed may be cancelled and set aside.

"4. For the sum of two hundred dollars, the rents and profits unlawfully received and enjoyed by the defendant.

"5. For such other relief as may be just, and for costs."

The order appealed from is as follows:

"This cause was called for trial, jury empanelled and pleadings read; upon motion of defendant's attorneys, the trial by jury was confined to the legal cause of action alleged, and the equitable issue reserved for subsequent disposition.

The defendant's attorney then interposed a demurrer, with written specifications, upon the ground that the complaint as to the legal cause of action failed to state facts sufficient to constitute a cause of action. The demurrer was sustained for the reason that the complaint showed upon its face that the plaintiffs had no right to recover the land, which was alleged therein to have been sold by the sheriff for taxes delinquent between 1887 and 1892, and title deed thereto made by the sheriff to B. H. Boykin, June 23d, 1892. It also appeared by the complaint that B. H. Boykin had been in possession of the land since 1892, under the sheriff's deed. All presumptions of validity of prerequisites are by statute in favor of the sheriff's tax deed and title thereunder, and after the lapse of two years with possession under such deed, all presumption became absolute and conclusive. The two years limitation as to tax title is not as the ordinary or Code limitations. No disability is made an exception in this special limitation, which is a limitation upon the right and title, rather than of the remedy and right of action.

"The causes of action being mingled in the complaint, it may be read and taken as a whole as to each cause of action. The legal cause being separated for trial, the demurrer applies to that cause, and as to that it is sustained. The equitable cause is left for future consideration and determination."

The exceptions, seven in number, impute error in the action of the Court and in the several reasons assigned therefor.

We think the order must be reversed. The first three paragraphs unquestionably state a cause of action for recovery of land and damages for unlawfully withholding the same. While it is true that a complaint may state facts sufficient to constitute a cause of action, and then state other facts, which, in law, defeat a recovery so as to make the complaint demurrable for insufficiency (*Jarrell* v. *R. R. Co.,* 58 S. C., 491, 36 S. E., 910), we do

not think such has been done in this case.    The fourth paragraph of the complaint does state that the defendant received a deed from the sheriff under a tax sale of said land, dated June 23, 1892, and it is true that under sec. 426, Code, vol. 1, such a deed is *prima facie* evidence of a good title; but the same paragraph proceeds to state other facts which if established (and on demurrer they are to be treated as admitted) must *overthrow such prima facie evidence* and make the deed null and void for fraud, or estop the defendant from asserting his deed against the plaintiffs.    *Association* v. *Walters,* 50 S. C., 460, 27 S. E., 948.    It must be remembered that courts of law have concurrent jurisdiction with courts of equity in matters of fraud, and it is accordingly well settled that in an action to recover real estate, a party may on the trial of the legal issues attack for fraud a deed relied on by his antagonist.    *McCreery Land Investment Co.* v. *Myers, ante.*    The plaintiffs here may have done this in reply to defendant's tender of the sheriff's deed without specially pleading the fraud.    If so, the mere allegation of the sheriff's deed as defendant's claim of title, coupled with facts which, if true, would overthrow it as a defense, could not operate to destroy plaintiff's cause of action whatever effect such allegations may have in shifting the burden of proof in the first instance.

Nor do we think that plaintiff's cause of action for the recovery of the land in question is defeated by the allegation that defendant received the sheriff's deed under tax sale in June, 1892, the action having been commenced in May, 1902.    Section 426 of the Code, vol. 1, provides as follows: "In all cases of sale, the sheriff's deed of conveyance, whether executed to a private person, a corporation, or the Sinking Fund Commission, shall be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular, and all the requirements of the law have been duly complied with. No action for the recovery of land sold by the sheriff under

the provisions of this article, or for the recovery of the possession thereof, shall be maintained unless brought within two years from the date of said sale." It is asserted with reference to this statute, that the two years limitation is a limitation affecting the right and title rather than the remedy and right of action, and that after two years possession under the sheriff's deed all presumption that prerequisites have been complied with, are conclusive. "Where time is of the essence of the right created and the limitation is an inherent part of the statute, there is no right of action independent of the limitation. Such special limitation extinguishes the right rather than affects the remedy." 19 Ency. Law, 2 ed., 151, and cases cited in note 6. *Dennis, Admr.,* v. *Atlantic Coast Line Co., ante.* This distinction, however, does not apply to the statute quoted. The statute creates no right of action, but is a mere limitation on the assertion of a right of action existing at common law and independent of the statute. Hence the statute is a pure statute of limitation affecting the remedy, not the right, and must be affected by the disability of infancy of plaintiffs, as alleged in the complaint.

These views render it unnecessary to further consider the grounds of appeal.

The judgment of the Circuit Court is reversed.