16324

HALEY *ET AL.* v. WHITE *ET AL.*
(58 S. E. (2d) 88)

*Mr. John G. Dinkins,* of Manning, *for Appellants,*

*DuRant, DuRant & Plowden,* of Manning, *for Respondents,*

March 4, 1950.

PER CURIAM.

The complaint in this case is sufficient, in view of the answers filed by the defendants-appellants, to permit the plaintiffs, who are the heirs at law of Wilder E. Haley, deceased, to offer testimony as to the age of one or more of the plaintiffs which would toll the limitation statutes pleaded by the defendants-appellants; and also testimony that there had been no administration on the estate of Wilder E. Haley, the land in dispute having been levied upon and sold for taxes in the name of "Est. Wilder E. Haley."

It has been uniformly held since the old cases of *Hill v. Sanders,* 4 Rich. 521, 55 Am. Dec. 696, and *McGee v. Hall,* 26 S. C. 179, 1 S. E. 711, and even prior thereto, that the minority of one co-tenant tolls statutes of limitation relating to real estate, not only as to such minor, but as to all other co-tenants. In this connection, see *Jones v. Boykin,* 70 S. C. 309, 49 S. E. 877.

When a plaintiff in an action for recovery of the possession of real property alleges title in himself, he thereby attacks the title of the person who he alleges is in the wrongful possession thereof. Therefore, in such an action the title of all parties is in issue and every link in the chain of title is under attack. This postulate cannot be successfully denied.

The trial Judge having erroneously ruled out all testimony as to the age of any one of the plaintiffs-respondents, which was offered to toll the limitation statutes pleaded by the answer of the defendants-appellants, and the testimony that no administrator for the estate of Wilder E. Haley, through whom the plaintiffs-respondents claimed title as his heirs at law, had ever been appointed, and having directed a verdict for the defendants-appellants, it was proper, upon becoming aware of such error, for him to grant the motion of plaintiffs-respondents for a new trial.

All exceptions are overruled and the order appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.