216 S.C. 360 (1950)
58 S.E.2d 88
HALEY ET AL.
v.
WHITE ET AL.
16324
Supreme Court of South Carolina.
March 4, 1950.
*361 Mr. John G. Dinkins, of Manning, for Appellants.
DuRant, DuRant & Plowden, of Manning, for Respondents.
*362 The following is the Order of Judge Greene in the court below.
Plaintiffs brought this action for the recovery of the possession of the real estate described in their amended Complaint. In said Complaint, plaintiffs allege that they and the defendant, Ella Haley Dixon, are the owners in fee simple in equal shares of and entitled to the immediate possession of said real estate; that the defendant Leola White, is in possession of said real estate and withholds the same from plaintiffs to their damage; and that plaintiffs and the defendant, Ella Haley Dixon, own no other land in common, and plaintiffs *363 desire a partition of the real estate in question. The defendants, John H. White, Herschel White and Archie White, are made parties-defendant because plaintiffs are informed that they claim some interest in said real estate.
Plaintiffs pray judgment for the recovery of said real estate, for damages, and for the partition of same among themselves and the defendant Ella Haley Dixon.
The defendant, Leola White, in her Answer sets up several defenses. She denies that plaintiffs have any interest in the real estate described in the Complaint and admits that she is in possession of same. In her second defense she pleads Section 375 of the Code of Laws of South Carolina, 1942, as a bar to plaintiffs' recovery in this action; in her third defense she alleges that more than ten years have elapsed since she went into possession of the real estate described in the Complaint as the owner in fee and she pleads the Statute of Limitations, including Ella Haley Dixon's recovery in this action.
In her fourth defense said defendant, Leola White, alleges that she purchased the tract of land described in the Complaint from the Forfeited Land Commission of Clarendon County, the same having been sold by the Sheriff of Clarendon County to the Forfeited Land Commission of said County. In that connection, she alleges that the plaintiffs and the defendant, Ella Haley Dixon, failed to bring an action within two years from the time of said sale, and she therefore pleads Section 2827 of the Code of 1942, and all applicable Sections, as a bar to plaintiffs' recovery in this case. She also alleges that she has been in possession of said land under said deed from the Forfeited Land Commission, and is the owner in fee simple of said land.
The defendants, John H. White, Herschel W. White, and Archie White, in their answer allege in effect that they have no real interest in the real estate described in the Complaint, except that the defendant, Herschel W. White, is farming *364 said lands under an agreement with the defendant, Leola White, and is occupying same at this time as her tenant.
The case came on for trial before me during the March, 1949, term of Court of Common Pleas for Clarendon County at Manning, South Carolina. After offering testimony as to their source of title to said real estate and as to the possession of same by the defendant, Leola White, plaintiffs introduced in evidence a deed from the Sheriff of Clarendon County to the Forfeited Land Commission of said County in a tax sale wherein the said real estate was conveyed to said Commission. They also introduced in evidence a deed from the Forfeited Land Commission of Clarendon County to the defendant, Leola White. Plaintiffs offered testimony as to the ages of plaintiffs and the defendant, Ella Haley Dixon. Defendants' attorney objected to such testimony upon the ground that plaintiffs had not alleged anything with respect to the ages of themselves and the defendant, Ella Haley Dixon. Plaintiffs also offered testimony and records to show that the deed from the Sheriff of Clarendon County to the Forfeited Land Commission of said County was invalid. The record will show just what testimony was offered and just what plaintiffs attempted to prove with respect to the title which the defendant, Leola White, claimed through the Sheriff of Clarendon County and the Forfeited Land Commission of said County. The attorney for defendants objected to this testimony upon the same grounds that he objected to the testimony as to the ages of plaintiffs and the defendant, Ella Haley Dixon. After hearing argument of counsel for all parties with respect to the objections interposed by defendants' counsel as aforesaid, I sustained said objections and ruled that plaintiffs could not offer the testimony referred to because they had not pleaded same in their Complaint.
The Court having ruled out all efforts made by plaintiff to attack the deeds through which the defendant, Leola White claimed title to said real estate, plaintiffs closed their *365 case. Defendants' attorney announced that no testimony would be offered by them and moved for a directed verdict in favor of the defendant, Leola White, upon the grounds which will appear in the record. After hearing argument of counsel for all parties, I directed the jury to find a verdict in favor of the defendant, Leola White. Such a verdict was rendered by the jury.
Before the adjournment of said term of Court, plaintiffs' attorneys moved for a new trial upon several grounds which will appear in the record. As counsel didn't care to argue the law of the case any further, I took the matter under advisement. After mature consideration of all the legal questions arising under this motion, I am convinced that I was in error in directing a verdict in favor of the defendant, Leola White. Our cases seem to hold that in an action for recovery of possession of real estate, a Complaint alleging lawful title in plaintiff and the defendant wrongfully withholding possession is sufficient, the courts holding that if the defendant desires a more definite statement at to plaintiff's title, the proper remedy would be to move to make the Complaint more definite and certain. Our courts have also held that where an instrument was set up in an Answer by the defendants, said instrument may be attacked by the plaintiff even though no reply was filed.
In the case at bar, the plaintiffs alleged title in themselves and the defendant Leola White alleged title by way of a tax deed. Since no reply was filed, all of the allegations of new matter in the defendant's answer were controverted and were in issue. Under these pleadings, the tax deed which was put in evidence for the purpose of showing a common source of title could be attacked by plaintiffs.
It is therefor ordered that the verdict herein directed by me in favor of the defendant, Leola White, be and the same is hereby set aside; and that a new trial herein be and the same is hereby granted.
*366 March 4, 1950.
PER CURIAM.
The complaint in this case is sufficient, in view of the answers filed by the defendants-appellants, to permit the plaintiffs, who are the heirs at law of Wilder E. Haley, deceased, to offer testimony as to the age of one or more of the plaintiffs which would toll the limitation statutes pleaded by the defendants-appellants; and also testimony that there had been no administration on the estate of Wilder E. Haley, the land in dispute having been levied upon and sold for taxes in the name of "Est. Wilder E. Haley."
It has been uniformly held since the old cases of Hill v. Sanders, 4 Rich. 521, 55 Am. Dec. 696, and McGee v. Hall, 26 S.C. 179, 1 S.E. 711, and even prior thereto, that the minority of one co-tenant tolls statutes of limitation relating to real estate, not only as to such minor, but as to all other co-tenants. In this connection, see Jones v. Boykin, 70 S.C. 309, 49 S.E. 877.
When a plaintiff in an action for recovery of the possession of real property alleges title in himself, he thereby attacks the title of the person who he alleges is in the wrongful possession thereof. Therefore, in such an action the title of all parties is in issue and every link in the chain of title is under attack. This postulate cannot be successfully denied.
The trial Judge having erroneously ruled out all testimony as to the age of any one of the plaintiffs-respondents, which was offered to toll the limitation statutes pleaded by the answer of the defendants-appellants, and the testimony that no administrator for the estate of Wilder E. Haley, through whom the plaintiffs-respondents claimed title as his heirs at law, had ever been appointed, and having directed a verdict for the defendants-appellants, it was proper, upon becoming aware of such error, for him to grant the motion of plaintiffs-respondents for a new trial.
*367 All exceptions are overruled and the order appealed from is affirmed.
BAKER, C.J., and FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.