Brenda Kay Cain has brought an action against her former husband, Billy Earl McKinnon, charging that during the course of their marriage, he "savagely and brutally" assaulted and beat her, and the question is whether McKinnon may assert defensively interspousal tort immunity, notwithstanding Burns v. Burns,518 So.2d 1205 (Miss. 1988), a case decided by this Court some sixteen months after Cain's claim accrued. The Circuit Court granted McKinnon's motion to dismiss, see Rule 12(b)(6), Miss.R.Civ.P., and Cain appeals. We reverse.
In the present procedural posture, we take as true the allegations of the complaint. Wilkinson v. Mercantile NationalBank, 529 So.2d 616, 618 (Miss. 1988); Marx v. Truck Renting Leasing Ass'n., 520 So.2d 1333, 1339 (Miss. 1987). On December 31, 1985, Cain and McKinnon were married in Attala County, Mississippi. On September 15, 1986, at a time when the parties were still married, McKinnon assaulted and beat Cain, causing personal injuries and loss of earnings, medical expenses and the like. This short-lived marriage ended as Cain and McKinnon were divorced on January 29, 1987, by action of the Chancery Court of Attala County, Mississippi.
On August 5, 1987, Cain commenced the present civil action by filing her complaint in the Circuit Court of Attala County, naming McKinnon as defendant. Cain has demanded $200,000.00 in actual damages and $1,000,000.00 in punitive damages, plus costs. Then came Burns, on January 13, 1988, to be exact.
Paradox and ambiguity always attend the overruling of common law doctrine and call for a certain balancing of interests. The plaintiff on the one hand claims an offense to her rights and demands her day in court and, ultimately, relief. Assuming she can prove her case, she is entitled to these, and denial would be monstrous, save only for the problem of unfair surprise to *Page 92 
the defendant. However matters may ultimately be, Cain and McKinnon stand before this Court this day as equals.
The Supreme Court has written that "a legal system based on precedent has a built-in presumption of retroactivity." Solem v.Stumes, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579, 586 (1984). This Court has historically taken a like attitude and held that decisions overruling common law principles be applied retroactively. See Hall v. Hilbun, 466 So.2d 856, 875-77 (Miss. 1985); Keyes v. Guy Bailey Homes, Inc., 439 So.2d 670, 672-73 (Miss. 1983); Tideway Oil Programs, Inc. v. Serio,431 So.2d 454, 466 (Miss. 1983). In so many cases the presumption of retroactivity seems almost taken for granted. See Ford Motor Co.v. Cockrell, 211 So.2d 833, 835-37 (Miss. 1968) (implicitly assuming retroactive application of Restatement (Second) of Torts § 402A (1965)); Toliver v. General Motors Corp., 482 So.2d 213, 214-19 (Miss. 1985) (same; second impact doctrine); Aldridge v.Johnson, 318 So.2d 870, 873 (Miss. 1975) (same; repeal of physical impact doctrine); McDaniel v. State, 356 So.2d 1151, 1156-61 (Miss. 1978) (same; abolition of voluntary intoxication defense); see also Merritt v. State, 517 So.2d 517, 521 (Miss. 1987).
Where the new rule lies exclusively in the area of remedies, importing no new standard of proscribed conduct, a reliance argument against retroactivity is difficult to maintain, seeKeyes v. Guy Bailey Homes, Inc., 439 So.2d at 672-73; TidewayOil, 431 So.2d at 466, and the same of most changes in the rules of evidence, Jackson v. State, 551 So.2d 132, 139 (Miss. 1989);Hall v. Hilbun, 466 So.2d at 876-77.
Where, however, the law imposes a new primary rule of conduct or obligation, a rule of which the defendant was not aware at the time of the events said to give rise to liability and where the new rule was not "clearly foreshadowed" by prior developments in our law, candor requires recognition of the unfairness (to the defendant) of retroactivity. See Hall v. Hilbun, 466 So.2d at 877. In such cases we often make the new rule prospective only.[1] Pruett v. City of Rosedale, 421 So.2d 1046, 1052 (Miss. 1982); Knapp v. Stanford, 392 So.2d 196, 199 (Miss. 1980); see also Collier v. Shell Oil Co., 534 So.2d 1015, 1018-19 (Miss. 1988); Harper v. Harper, 491 So.2d 189, 202 (Miss. 1986); First National Bank of Vicksburg v. Caruthers,443 So.2d 861, 864-65 (Miss. 1983).
The point is brought into focus when we imagine that on September 14, 1986 — the day before the assault in issue — McKinnon had gone to his lawyer and said, "I am contemplating assaulting and beating my wife, but I do not wish to break the law. If the law says that I may do this, I will. If the law prohibits my doing this, I will refrain." On that date, of course, any lawyer would have told McKinnon that his proposed course of conduct was proscribed. Depending upon the seriousness and extent of the beating inflicted and danger created, his conduct could be misdemeanor assault or felony simple assault or felony aggravated assault.[2] See Miss. Code Ann. § 97-3-7
(Supp. 1986). Suppose further that McKinnon had asked "Does the law afford me a defense in view of the fact that my proposed victim is my wife?" The lawyer, of course, would have answered, "Not if you are prosecuted criminally, nor if she sues you for divorce and demands alimony; only if she files a tort action against you."
The conduct McKinnon contemplated was proscribed by a valid rule well embedded in the positive law of this state long before September 15, 1986.[3] The rule was then expressed in Section97-3-7. Moreover, there was at least one non-criminal rule which might be said to have given notice ex ante, that in Title 93, Chapter 5 of our Code to the effect that a spouse shall not habitually *Page 93 
treat the other cruelly and inhumanly. Miss. Code Ann. § 93-5-1
[Seventh] (1972). We have held that a single assault of severity may offend the rule. Ellzey v. Ellzey, 253 So.2d 249, 250-51 (Miss. 1971).
In a sense we have decided the point. Erit Lamar Burns assaulted and battered his wife, Betty Burns, on August 1, 1984, and we have held that his conduct should be judged by the tort law of assault and battery, notwithstanding abrogation of the defense of interspousal tort immunity did not take place until January 13, 1988. It is difficult on principle to justify holding Erit Burns to account and exonerating Billy Earl McKinnon. SeeGriffith v. Kentucky, 479 U.S. 314, 323, 107 S.Ct. 708, 713, 93 L.Ed.2d 649, 658-59 (1987).
The pre-Burns rules proscribing McKinnon's conduct are largely of legislative origin. Like all primary rules of obligation they exist on the implied premise that human existence in the civil state will be more tolerable if people conform. The essence of a rule of law is that it renders non-optional conduct one would otherwise desire. Rules of law that function as rules of law provide persons with reasons for doing or refraining from courses of conduct. We expect our people to have such regard for this state's rules of law, and if we expect this of our people we must demand it of ourselves.
In the face of all of this, the best that McKinnon can offer is, "I certainly knew (or am charged with knowledge) that a valid and enforceable rule of both the criminal law and the civil law proscribed the actions I took. I simply did not know it would cost me so much." Assuming restraint, McKinnon reasonably may have thought in September of 1986 that he could beat his wife and limit his exposure to a $500.00 fine. Miss. Code Ann. § 97-3-7(1) (Supp. 1986). No doubt our law has a place for economic calculation. See Maryland Casualty Co. v. City of Jackson,493 So.2d 955, 960 n. 3 (Miss. 1986). If a person purchases a television set thinking the price is $400.00 only to be told when the payments fall due that the price is in fact $40,000.00 and what's more, that she cannot rescind the sale, the law would not hesitate to intervene. In certain cases we recognize the notion of efficient breach of contract. But violent conduct toward a fellow human being is not to be traded in the market-place, in fact or in theory.
We hold the Burns rule enforceable in all actions pending on January 13, 1988, and not then final and, of course, to any action filed after Burns. See Griffith v. Kentucky, supra. The judgment of the Circuit Court is reversed and this case is remanded for such further proceedings as may be appropriate as if the Court ab initio had denied the motion to dismiss.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
[1] We follow a like course in criminal cases where retroactive enforcement would cause serious disruption of the administration of justice and where the prior rule was not infected by a serious absence of fundamental fairness. See Taylor v. State,285 So.2d 172, 176 (Miss. 1973).
[2] McKinnon has in fact been convicted of the misdemeanor of assault and battery arising out of the same incident.
[3] See H. Hart A. Sacks, The Legal Process: BasicProblems in the Making and Application of Law, 485, 488 (Tent.Ed. 1958).