601 So.2d 864 (1992)
Martha Lynn WHITE
v.
Donald A. WHITE, Executor for the Estate of Dudley H. White.
No. 90-CA-0874.
Supreme Court of Mississippi.
June 10, 1992.
Barry W. Gilmer, Gilmer Law Firm, Jackson, for appellant.
Michael O. Gwin, James A. Becker, Jr., Watkins & Eager, Jackson, for appellee.
EN BANC.
ROBERTSON, Justice, for the Court:
It appears Dudley H. White has assaulted and battered his then-wife, Martha Lynn White. A little over two years later, Martha Lynn sued him in tort, seeking compensatory and punitive damages. The Circuit Court dismissed her action as barred by the one-year statute of limitations. Martha Lynn appeals. We affirm.
Our legal context is provided by Burns v. Burns, 518 So.2d 1205 (Miss. 1988). On January 13, 1988, Burns abrogated the rule we had labeled interspousal tort immunity. For reasons deemed good and sufficient and there set forth, Burns overruled a number of prior decisions and held that, when one spouse sued the other in tort, the fact of the marriage afforded the defendant *865 no legal succor. In Cain v. McKinnon, 552 So.2d 91 (Miss. 1989), we held
the Burns rule enforceable in all actions pending on January 13, 1988, and not then final and, of course, to any action filed after Burns.

Cain, 552 So.2d at 93. Neither Burns nor Cain addressed today's limitations issue.
Our operative date is June 16, 1986, for on that day Dudley took a "steel hammer" and did his dirty deed. On July 7, 1988, some two years and three weeks after the fact, Martha Lynn brought this action in the Circuit Court of Hinds County, Mississippi. Miss. Code Ann. § 15-1-35 (Supp. 1986), decrees
All actions for ... assault and battery ... shall be commenced within one (1) year next after the cause of such action accrued, and not thereafter.
The Circuit Court held the suit a year and three weeks too late.
Martha Lynn argues the pre-Burns rule precluded the running of the statute prior to January 13, 1988. She seeks solace in Miss. Code Ann. § 15-1-57 (1972), which tolls the running of limitations during the period when the plaintiff is personally "prohibited by law ... from commencing or prosecuting any action or remedy, ... ."[1]
Martha Lynn misreads the savings clause. Martha Lynn was not pre-Burns prohibited from "commencing or prosecuting" her claim, only from recovering should she make her proof. Section 15-1-57 speaks of the case where the putative plaintiff is personally prohibited or restrained.[2] It talks of a "person" prohibited by law. The statute by its terms contemplates one disabled to sue at all, not a rule of law that says she will lose if she does.[3]
Nothing turns on the label "immunity" we had used pre-Burns. It is of no moment whether the rule Burns interred imported absence of a right in the plaintiff or a matter of defense the tortfeasor had to assert affirmatively. Such matters concern the burden of pleading, production and persuasion, and say little of the rule's nature, content or effect.
Further reflection makes clear the broader rule Martha Lynn urges is, every time the Court recognizes a new tort or eliminates an old defense, all plaintiffs  or their estates  might sue within the applicable limitations, which commences the day we announce the new rule. For example, a plaintiff injured in 1930 by a defective, exploding widget could have sued within six years of July 8, 1966, the date we decided State Stove Manufacturing Co. v. Hodges, 189 So.2d 113 (Miss. 1966).
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., not participating.
NOTES
[1] Miss. Code Ann. § 15-1-57 (1972) in its entirety reads as follows:

Statute of limitations not to run when person prohibited to sue.
When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.
[2] Our lone note of the statute speaks of "no inhibition or restraint upon a claimant," Grenada County v. Nason, 174 Miss. 725, 721, 165 So. 811, 812 (1936), though the express is concedely cryptic.
[3] Embarrassing Martha Lynn's claim is that Betty Burns experienced no legal inhibition to sue back on December 17, 1984, for injuries tortiously inflicted on August 1, 1984. Burns v. Burns, supra. Moreover, Brenda Kay Cain was assaulted and battered on September 15, 1986, and sued within a year thereafter  on August 5, 1987, to be exact, notwithstanding the rule here at issue. Cain v. McKinnon, supra.