## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00206-SCT

*LISA GETER AND FIDELITY AND GUARANTY
INSURANCE UNDERWRITERS, INC.*

*v.*

*BRANDY GARDNER, A MINOR, AND LAUREN
GETER, A MINOR, BY AND THROUGH ALVIN
GETER, GUARDIAN AND NEXT FRIEND*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/26/96 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | R. E. PARKER, JR. |
| ATTORNEY FOR APPELLEES: | W. RICHARD JOHNSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/1/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. STATEMENT OF THE FACTS AND CASE

¶1. On August, 23, 1992 Brandy Gardner and Lauren Geter were injured while riding as passengers in an automobile driven by Lisa Geter(Lisa), their mother. On November 5, 1993, Lauren and Brandy filed suit against their mother through Alvin Geter, their guardian and best friend. Following lengthy negotiations, the parties agreed to a settlement pursuant to which Fidelity and Guaranty Insurance Underwriters, Inc. ("FGIU"), the mother's liability carrier, agreed to stipulate to liability and damages in the amount of $10,000.00 for Brandy and $4,000.00 for Lauren.

¶2. However, it was agreed that FGIU would have final liability for this amount only if this Court determined on appeal that the decision of ***Glaskox v. Glaskox,*** 614 So.2d 906 (Miss. 1992) should be applied retroactively to the present case. The Circuit Court executed judgments in the aforementioned amounts, with the agreement that FGIU would appeal with regard to the denial of its

motion for summary judgment by the Circuit Court.

## II. <u>ISSUE</u>

### DID NOT *ALES* GIVE ONLY LIMITED RETROACTIVITY TO THE *GLASKOK* DECISION FOR "PENDING" CASES?

¶3. The instant appeal presents a question of law as to whether this Court's decision in *Glaskox v. Glaskox*, 614 So.2d 906, 912 (Miss. 1992), abolishing unemancipated parent-child immunity for cases arising out of the "negligent operation of a motor vehicle," should be applied retroactively to all cases, or merely to cases which were pending at the time *Glaskox* was decided. This Court has written with regard to the retroactivity of *Glaskox* in *Ales v. Ales*, 650 So.2d 482 (Miss.1995), and an interpretation of *Ales* is central to the resolution of the present case.

¶4. In *Ales,* this Court was faced with a suit filed by a mother against her child prior to *Glaskox.* This Court in *Ales* determined that *Glaskox* should be applied retroactively, but this Court appeared to base this decision at least in part upon the fact that suit had already been filed at the time *Glaskox* was decided. Specifically, this Court wrote that "[b]ecause the *Ales* case was pending review at the time of the *Glaskox* decision, this Court finds that the *Glaskox* decision applies retroactively." *Ales*, 650 So.2d at 486. Geter argues that *Glaskox* is thus only retroactive with regard to cases which were pending on October 29, 1992, the date on which *Glaskox* was decided by this Court.

¶5. However, a reading of *Ales* and the cases cited as authority therein provides an indication that this Court did not intend for *Glaskox* to be retroactive solely in cases which were pending at the time *Glaskox* was decided by this Court. This Court in *Ales* quoted approvingly from *Cain v. McKinnon*, 552 So.2d 1205 (Miss. 1989), in which this Court held that the abolishment of interspousal immunity in *Burns v. Burns*, 518 So.2d 1205 (Miss. 1988) had retroactive application both in cases pending at the time *Burns* was decided and in those filed subsequently.

¶6. Specifically, this Court wrote in *Ales* that:

> In *Cain*, this Court acknowledged that historically this Court has 'held that decisions overruling common law principles (are) applied retroactively.' . . . The *Cain* court stated that (w)here the new rule lies exclusively in the area of remedies, importing no new standard of proscribed conduct, a reliance argument against retroactivity is difficult.

This Court in *Ales* thus found persuasive the argument that changes in law relating solely to remedies should be applied retroactively, as this Court had earlier concluded in *Cain*. This argument is equally valid regardless of whether the suit in question was filed prior or subsequent to *Glaskox*. In addition, this Court held in *Ales* that "*Glaskox* applies retroactively" as opposed to holding the decision retroactive "for the purposes of the present case" or words to that effect.

¶7. Lisa contends, however, that there are legitimate arguments against applying this Court's decision in *Glaskox* retroactively. The most compelling basis for distinguishing parent-child immunity from interspousal immunity is that, by statute, the running of the statute of limitations against minors is tolled until the child reaches the age of 21. Accordingly, the retroactive application of *Glaskox* would appear to permit causes of action filed by children against their parents which accrued up to 27 years

ago, given that the 6 year statute of limitations[1] would be tolled for up to 21 years in the case of a newborn infant.

¶8. Lisa argues that the potential for abuse of a fully retroactive *Glaskox* is particularly great in the context of intrafamily lawsuits. This Court acknowledged in *Glaskox* that the "most persuasive argument against abrogation of the parent-child immunity doctrine is the possibility of fraud and collusion." *Glaskox*, 614 So.2d at 912. This Court held this possibility of fraud to be insufficient justification to retain parent-child immunity in its entirety, but the possibility of collusion between family members involved in an automobile accident which occurred over twenty years ago is a cause for concern.

¶9. Lisa argues that:

> Were *Glaskox* to be applied to all claims retroactively, there would be thousands of cases in which the evidence would be scant, lost, and undiscoverable. It would allow adults who are estranged from their parents to sue them out of house and home for accidents which are over twenty years old; it would encourage frivolous and fraudulent filings, and would cause an unnecessary burden. . . . Even more unfair, consider the scenario where Mr. Doe was only 1% at fault under 1972 law, he was responsible for 100% of (his son's) damages ! . . . The potential scenarios are legion. Mr. Doe and Mrs. Doe went through a nasty divorce in 1980. She was also a passenger in a wreck where John was injured. What a chance to fabricate testimony to punish Mr. Doe and his second wife ! . . . Further, insurance policy limits in the 1970's were generally much lower than those of today, and many parents would find themselves severely underinsured to meet the demands of adult children suing them today when inflation has greatly increased the average plaintiff's recovery.

¶10. While this Court does not reject the possibility that a fully retroactive *Glaskox* may be subject to abuse, we do not consider this possibility to warrant a deviation from our general course of applying changes in the law relating to remedies retroactively**.** This Court considers it significant that a retroactive application of *Glaskox* would not give a child injured by his parent's negligence any greater rights than that already enjoyed by a child injured by a non-parent's negligence. That is, a party injured as an infant 25 years ago may already file suit against a third party responsible for his injuries, and it is not unreasonable that a child should have the same right to file suit against his parents in light of the partial abolishment of parent-child immunity.

¶11. This Court's task in the present case is largely to interpret and apply *Ales* to the facts herein, and this Court concludes that *Ales* held *Glaskox* be retroactive in all cases; not only in those pending at the time *Glaskox* was decided. Lisa warns of hypothetical abuses of the retroactive application of *Glaskox,* but she does not cite any real evidence that *Ales* has been abused in the manner in which she predicts. If it should develop that our holding in *Ales* and in the present case leads to the sort of widespread abuse which Lisa predicts, then this Court may elect to revisit this issue at a future date. For the purposes of the present case, however, this Court determines that *Ales* held *Glaskox* to be fully retroactively, and this Court reaffirms this holding herein. The agreed judgment in favor of Brandy and Lauren is affirmed.

¶12. **JUDGMENT IS AFFIRMED.**

**SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION.**


**DAN LEE, CHIEF JUSTICE, DISSENTING:**


¶13. The majority today cuts yet another support from under the reeling and badly wounded institution of the American family. Because I can not countenance this Court's further contribution to the demise of the most basic building block of a responsible and free republic, I must respectfully dissent.

¶14. In *Glaskox v. Glaskox* this Court departed from the sage rule of law which provided for inter-familial immunity, and allowed children to sue their parents in automobile negligence cases. 614 So. 2d 906 (Miss. 1992). Lest any member of a family be excluded from the legal melee, this Court further extended *Glaskox* in *Ales v. Ales*, allowing parents to sue their children in the context of automobile negligence. 650 So. 2d 482 (Miss. 1995). The reasons I dissented in *Glaskox* and *Ales* are equally valid today as the American family continues to disintegrate. In my view it is no argument whatsoever to aver that the true defendant in these cases is usually an insurance company, because such an argument tacitly admits that the majority of these suits are collusive in nature, as was noted in the early case of *Dennis v. Walker*:

> The result is said to be that most actions for personal injuries are actually defended by counsel for an insurance company and in fact the very bringing of such an action is frequently motivated by the existence of such insurance.

> The last argument, however, is a double edged sword. It is indeed a fact that a great majority of actions for personal injuries, especially those arising out of automobile accidents, are defended by counsel for liability insurance companies and involve cases covered by liability insurance. This very fact, however, is an argument against the abolition of the principle of immunity. The presence of liability insurance in such instances may lead to fraud, or at least collusive, or at best friendly suits. A parent may encourage his minor child to bring such an action against him. This is not a far-fetched possibility. Not only is it contrary to good faith but it also has the tendency of promoting cynicism and lack of integrity on the part of the child. The law should not encourage such activities.

*Dennis v. Walker*, 284 F.Supp. 413, 417 (D.D.C. 1968).

¶15. Encouraging such moral turpitude does no less violence to the harmony of the family unit than truly hostile suits between parent and child. Accordingly, I would reverse *Glaskox* and *Ales* outright. At the very least, this Court should limit the retroactivity of *Glaskox* to those decisions "pending review at the time of the *Glaskox* decision" as per *Ales*. *Ales*, 650 So. 2d at 486.

1. Applicable to cause of actions which arose prior to the statute of limitations being shortened to 3 years.