IN THE SUPREME COURT OF MISSISSIPPI

NO. 2006-CA-01494-SCT

CONSOLIDATED WITH

NO. 2001-IA-00057-SCT

*ALBERT JOHN CHIMENTO, SR.*

*v.*

*ROBERT ALBERT FULLER AND GERALD D. MILLS, SR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/28/2006 |
| TRIAL JUDGE: | HON. JAMES H. C. THOMAS, JR. |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | JAMES L. FARRIOR, III |
| ATTORNEYS FOR APPELLEES: | BYRON J. STOCKSTILL |
| | RICHARD C. FITZPATRICK |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART - 09/27/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     This case involves the distribution of proceeds from a court-ordered sale of 31.3 acres of land located in Pearl River County, Mississippi, and whether the statute of limitations applies to a loan creditor.  Gerald D. Mills, Sr., seeks the proceeds from a judicial foreclosure

sale. Mills, however, never filed a foreclosure action on his $35,000 promissory note to preserve his interest in the real estate as collateral. In addition, Mills never filed suit on the note to preserve his monetary interest of $35,000. We find that this case should be reversed and rendered.

## PROCEDURAL HISTORY

¶2. In July 1990, Robert Albert Fuller and Albert John Chimento, Sr., purchased 31.3-acres of property for $130,000. Fuller and Chimento signed two promissory notes and deeds of trust in the amount of $95,000 to Chimento Home Builders, Inc., (CHB) and $35,000 to Mills. The CHB loan had first priority over Mills's loan. CHB also assigned its interest to Mohammed Esmail on July 19, 1990.

¶3. After Fuller and Chimento failed to pay the $95,000 loan, Esmail began foreclosure proceedings. Fuller filed a complaint seeking injunctive relief on the foreclosure action. Esmail, Chimento, and Mills were named defendants in the suit. However, Mills was never served with process. In 1993, the chancellor enjoined the foreclosure of the property. In 1997, the chancellor entered another order granting a temporary injunction and leave for Fuller to amend his complaint. On June 10, 1997, the trial court entered an order finding that the 1993 order which enjoined foreclosure tolled the statute of limitations on the $95,000 Chimento note.

¶4. In 1998, Mills notified Chimento and Fuller that he had retained counsel. In 1999, the chancellor presided over a two-day trial. The chancellor, in a corrected order, ruled in part that the land was to be partitioned by a judicial sale. Fuller filed a motion to reconsider, which the chancellor denied.

2

¶5.     Fuller filed an interlocutory appeal with this Court on the issue of the partition of the land only.  Fuller wanted the land to be partitioned in kind instead of by a judicial sale.  This Court in *Fuller v. Chimento*, 824 So. 2d 599, 603 (Miss. 2002), affirmed the chancellor's ruling which required a partition by sale and remanded the case for further proceedings.

¶6.     Following this Court's ruling in *Fuller*, the 31.3 acres were sold in August 2003 and the proceeds, less the costs of sale and taxes, in the amount of $199,358.21 were deposited with the chancery court for disbursement.  On August 1, 2006, the chancellor entered his judgment concerning the distribution of the sale proceeds.  The chancellor found that the statute of limitations had been tolled in favor of Mills, and he should receive all the proceeds from the sale.  Following this ruling, Chimento timely filed  a notice of appeal with this Court.

**FACTS**

¶7.     In July 1990, Fuller and Chimento purchased 31.3 acres of property for $130,000 in Pearl River County, Mississippi.  Chimento and Fuller signed a deed of trust to CHB on July 19, 1990, in the amount of $95,000 with a promissory note.  The terms of the promissory note called for seven monthly installments of $1,187 plus $395.83 for points payable on August 19, 1990,  like installments due on the nineteenth day of each succeeding month, and principal and balance due on or before February 19, 1991.

¶8.     Chimento and Fuller also signed a deed of trust to Mills on July 19, 1990, in the amount of $35,000 with a promissory note.  The terms of the payment were for six monthly installments in the amount of $437.50 payable on August 19, 1990,  like installments due on the nineteenth day of each succeeding month, and principal and balance due on or before

3

January 19, 1991.  The deed also stated on its face that "[t]his deed of trust is second and inferior to that certain deed of trust of even date herewith to Chimento Home Builders, Inc., in the principal sum of $95,000.00."

¶9.    On July 19, 1990, CHB assigned its loan to Esmail.  In 1993, Esmail tried to foreclose on the property when Chimento and Fuller failed to make payments on the $95,000 loan.  Fuller filed a complaint in 1993 to enjoin Esmail from foreclosing on the property.  Chimento and Mills were made party to Fuller's action, however, Mills was never served with a complaint.

¶10.    On March 18, 1993, the chancellor enjoined the foreclosure of the property.  Thereafter, in 1994, Esmail assigned the $95,000 deed of trust to Chimento.  On April 20, 1994, Esmail's substituted trustee, Sam P. Cooper, Jr., filed a motion to dissolve the injunction.  In response, Fuller filed a motion to enforce the injunction on March 26, 1997.[1]

¶11.    On April 18, 1997, the chancellor entered an order for a temporary injunction and granted Fuller leave to amend his complaint.  Fuller filed an amended complaint, and Chimento answered and filed a counterclaim.  On June 10, 1997, the trial court entered an order finding that the 1993 order which enjoined foreclosure tolled the statute of limitations on the $95,000 Chimento note.

¶12.    In 1998, Mills notified Chimento and Fuller that he had retained counsel.  Prior to this notification, Mills had not participated in the 1993 complaint filed by Fuller to enjoin the foreclosure action commenced by Esmail for Fuller and Chimento's failure to pay Esmail on

---

[1] Glenn L. White was substituted as the trustee for Albert John Chimento, Sr., by the time of the chancellor's April 18, 1997, order for temporary injunction.

his $95,000 note. Importantly, Mills never took any action on his $35,000 note whatsoever. Mills never sought foreclosure or collection from Fuller and Chimento for their failure to pay Mills's $35,000 note.

¶13.   In 1999, the chancellor presided over a two-day trial. In a corrected order, the chancellor ruled, in part, that: (1) Chimento and Fuller were tenants in common; (2) Esmail's assignment of the deed of trust and note to Chimento merged the secured interest into one of the owners and extinguished the security interest created by the deed of trust to CHB and subsequently assigned to Esmail and Chimento, respectively; (3) Mills's appearance through counsel was notice of his claims to the other parties; (4) Chimento reserved and raised affirmative defenses at trial and in the post-trial filings; (5) Mills was the first lien holder of the property "subject to a determination of whether the statute of limitations has run as to its enforcement; or, whether the injunction of 1993 applied to Mills' secured interest"; and (6) the land was to be partitioned by a judicial sale. Fuller filed a motion to reconsider, which the chancellor denied.

¶14.   As stated earlier, Fuller filed an interlocutory appeal with this Court on the issue of the partition of the land only. This Court in *Fuller*, 824 So. 2d at 603, affirmed the chancellor's ruling which required a partition by sale and remanded for further proceedings.

¶15.   Following this Court's ruling in *Fuller*, the 31.3 acres were sold in August 2003 and the proceeds, less the costs of sale and taxes, were deposited in the amount of $199,358.21 with the chancery court for disbursement. On August 1, 2006, the chancellor entered his judgment concerning the distribution of the sale proceeds. The chancellor addressed two issues: (1) whether the statute of limitations was tolled by the 1993 and 1997 injunctions for

5

Mills's alleged claim on the sale proceeds, and (2) the amount of proceeds that each party was entitled to recover from the sale.

¶16.   As to the issue of the statute of limitations, the chancellor found:

> The statute of limitations issues [revolve] around the timing, procedural necessity to plead or raise an affirmative defense, and whether the statute of limitations may be waived. The three year statute of limitations would run from January, 1991, the date the last installment payment to Mills was due, and would therefore limit any legal enforcement action on his part in January of 1994. He did not enter the fray until 1998 when his attorney made an appearance for him without filing any pleadings. No foreclosure or demand action was initiated in the interim. **His involvement of record was simply that he was named in the initial injunctive action as a party, although he was not served with process.** His attorney participated from 1998 on, and was fully involved in the trial of the matter by preparing and filing a pretrial finding of fact and conclusions of law as directed by the Court on all issues to be heard. The statute of limitations issue was not raised until the day of the hearing in 1999 when Chimento's counsel reserved the right to raise all defenses to Mills' claim, stating that no response on his part was necessary to a claim where no formal pleadings were filed and the claim was dealt with only through claimant's counsel in the pretrial filings and at the hearing, which Mills asserts complies with MRCP 8(a). Fuller does not object to Mills' claims at this point since the deed of trust on which his claim is based was known to every party. Mills was made a party to the initial injunctive request to stop foreclosure of Chimento's deed of trust, but he was never served with process, raising the question of whether the injunction against foreclosure was applicable to him. In the Corrected Judgment the Court found Mills' (sic) has a first lien on the sale proceeds subject to a determination of the applicability of the statute of limitations and the injunction of 1993.
>
> The Court continues to ponder the effect of Mills' lack of pleading but recognizes that the salient facts of his position were adequately presented through the pretrial findings by his counsel and the public record of his deed of trust as known to each party and there was no surprise to Chimento or Fuller at the hearing. **The more troubling question is Mills failure to affirmatively act to preserve his lien between 1994 and 1998 when he was not represented by counsel and took no action. Stated differently, can it be implied that he was protected by an injunction that did not specifically include his interests granted at a hearing where he was not processed. Or, was the statute of limitations tolled simply because the suit was filed and Mills was named a party.** Indeed, there is no record that he even knew the

6

injunction had been granted, as no relief was sought from him by that complaint, until the second injunction request was made by Chimento in 1997. Arguably, had he attempted to foreclose his lien he probably would have been enjoined also, but does that obviate his legal responsibility to protect his rights by making the effort and extend the limitations of his actions? Perhaps that question is answered by Mills' payment of the city and ad valorem taxes in 1993 in the amount of $18,999.50, an obvious effort to protect his interest in the secured property. The Court finds the total of the actions of the parties with the filing of the initial litigation naming Mills as a party, coupled with the language in the mortgage note of July 19, 1990 from Chimento and Fuller to Mills waiving a lack of diligence in collection acts to toll the statute of limitations in this matter.

Therefore, the chancellor found that the statute of limitations was tolled on Mills's claim. In addition, the chancellor awarded the entire $199,358.21 to Mills since his claim amount exceeded the proceeds held by the chancery court.

¶17. On August 28, 2006, Chimento timely filed a notice of appeal with this Court, raising the issue of whether Mills's claim of a first lien on the sale proceeds of land is barred by the statute of limitations.

## DISCUSSION

¶18. The chancellor found that Mills's claim was not barred by the statute of limitations. In his August 1, 2006, order the chancellor held:

> The Court finds the total of the actions of the parties with the filing of the initial litigation naming Mills as a party, coupled with the language in the mortgage note of July 19, 1990 from Chimento and Fuller to Mills waiving a lack of diligence in collection acts to toll the statute of limitations in this matter.

¶19. Chimento argues that Mills is barred by the statute of limitations. He asserts that there is a three-year statute of limitations for Mills's note and deed of trust which began to run in January 1991 when the last installment payment was due on Mills's $35,0000 loan, and

7

expired in 1994. In addition, Chimento asserts that the statute of limitations is not tolled by simply naming a person in a lawsuit, such as Mills, without anything more. Further, Chimento argues that the complaint filed by Fuller in 1993 sought to enjoin foreclosure on the $95,000 Chimento note and not Mills's $35,000 note and deed of trust. Finally, Chimento argues that Mills never filed any pleadings that could be considered as a claim for relief or which could toll the statute of limitations.

¶20. Mills argues that the chancellor correctly ruled that the statute of limitations was tolled. Mills and Fuller dispute the three-year statute of limitations that the chancellor and Chimento assert. Instead, Mills and Fuller argue that the six-year statute of limitations applies in this case. In addition, Mills argues that Chimento waived any statute-of-limitations defense. Mills and Fuller also argue that the language of the note waived the statute of limitations.

¶21. Fuller asserts that the chancellor's ruling should be affirmed and the sale proceeds should go to Mills. The majority of Fuller's brief fully supports Mills's arguments on appeal. However, Fuller alternatively argues that in the event that this Court does not affirm the chancellor's ruling, the sale proceeds should be distributed as set forth in the Corrected Judgment of May 2, 2000, and the Judgment of July 28, 2006.

¶22. In *Stephens v. Equitable Life Assurance Society of the United States*, 850 So. 2d 78, 82 (Miss. 2003), this Court set forth the standard of review for statute-of-limitations issues and held:

> This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues. *ABC Mfg. Corp. v. Doyle*, 749 So. 2d 43, 45 (Miss. 1999) (citing *Ellis v. Anderson Tully Co.*, 727 So. 2d 716,

8

718 (Miss. 1998)). *See also **Sarris v. Smith***, 782 So. 2d 721, 723 (Miss. 2001).

### A.     The language of the note.

¶23.    For ease and clarity of the issues, the language of the note will be addressed first. Mills argues that the language of the promissory note signed by Fuller and Chimento waives the statute of limitations.  The language of the note states, in part:

> And it is hereby expressly agreed that failure to pay this note punctually at maturity shall constitute default hereunder or, if this note be payable in installments, that if default be made in any of the payments of the aforesaid installments when and as the same shall become due and payable, then and in that event the unpaid balance of the aforesaid principal sum at the option of the holder or holders hereof shall become and be due and payable, and the holder or holders hereof may proceed to have seized and sold the property described in the act with which this note is identified, given to secure the same under the terms and in the manner provided in said act.  **Every person at any time liable for the payment of the debt evidenced hereby** waives any homestead or exemption right against said debt, and **waives** presentment for payment, demand, protest and notice of non-payment of this note and **any or all lack of diligence or delays in collection** which may occur and consents that the holder or holders may extend the time of payment or otherwise modify the terms of payment of any part or whole of the debt at any time at the request of any other person liable, and agrees in case suit be brought for collections hereof or the same has to be collected upon demand of an attorney, to pay all the attorney's fees so incurred, which fees are hereby fixed at twenty-five per centum on all amounts, principal and interest, due and owing by the maker, with a minimum fee of $100.00.

(Emphasis added).  Mills specifically argues that Fuller and Chimento waived any defenses, such as the statute of limitations, based on the highlighted language pertaining to "any or all lack of diligence or delays in collection."

¶24.    We find that when viewed in context, the language of the note refers to collection of payments by Mills *only* and does not specifically "waive the statute of limitations" or waive Mills's obligation to assert his legal rights.  This Court has upheld an express waiver of the

9

statute of limitations endorsed upon a note as sufficient to prevent the bar of the statute of limitations. *See **Bowmar v. Peine***, 64 Miss. 99, 104 (1886) (This Court upheld an endorsement on a deed of trust where the debtor specifically waived the "statute of limitations" on the deed of trust); ***Crane v. French***, 38 Miss. 503, 531-32 (1860) (Court found generally that a contract to waive the statute of limitations was in violation of public policy and void and generally that the waiver of a statute of limitations had been allowed only in the context of renewing a prior loan agreement and only for a new statute of limitations period, not indefinitely).

¶25.    Here, the plain language of the note does not expressly waive the "statute of limitations." Furthermore, the language of the note concerns only collections periods. This language does not operate to excuse Mills from asserting his legal rights in a timely manner prescribed by the applicable statute of limitations.

¶26.    More importantly, the Legislature codified and prohibited any waiver of the statute of limitations by contract. Mississippi Code Annotated Section 15-1-5 provides:

> The **limitations prescribed in this chapter shall not be changed in any way** whatsoever by contract between parties, **and any change in such limitations** made by any contracts stipulation whatsoever **shall be absolutely null and void**, the object of this section being to make the period of limitations for the various causes of action the same for all litigants.

Miss. Code Ann. § 15-1-5 (Rev. 2003)(emphasis added). We find that Section 15-1-5 renders any changes to the statute of limitations null and void. Therefore, any issue of whether the language of the promissary notes waived the statute of limitations is without merit, as it is prohibited by Mississippi Code Annotated Section 15-1-5.

**B.    The statute of limitations.**

10

¶27. Chimento argues that Mississippi Code Annotated Section 15-1-21 (Rev. 2003), which concerns actions on mortgages, deeds of trust, and statutory liens, is applicable. He claims that Section 15-1-21 limits the commencement of an action upon a deed of trust to the same time period as the underlying note or debt.[2] Chimento also argues that Mills's note and deed of trust are subject to the three-year statute of limitations of Mississippi Code Annotated Section 15-1-29 and that it is applicable in this case. Section 15-1-29 concerns accounts and unwritten contracts.[3] Mills argues that the six-year statute of limitations for negotiable

---

[2] Mississippi Code Annotated Section 15-1-21(Rev. 2003) provides:

When a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law, to secure the payment of a sum of money specified in any writing, an action or suit or other proceedings shall not be brought or had upon such lien, mortgage, or deed of trust to recover the sum of money so secured except within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such lien, mortgage, or deed of trust may be specified. In all cases where the remedy at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred.

[3] Mississippi Code Annotated Section 15-1-29 (Rev. 2003) provides:

Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.

11

installment notes (Miss. Code Ann. § 75-3-118) is applicable.[4]    However, Mills

acknowledges that he did not raise this argument at the trial court.

¶28.    While both parties argue either a three-year or six-year statute of limitations, this

Court does not need to address this issue.  Mills never filed suit to foreclose on his $35,000

note and never filed suit for collection on the note; therefore, more than six years passed

between the time that Mills's last installment on his note was due and payable, on January

1991, and any action, or more accurately, non-action by Mills.

### C.    Application of the facts.

¶29.    On appeal, Mills and Chimento raise a number of statute-of-limitations sub-issues.

However, we address only dispositive issues raised by the parties.

¶30.    The chancellor emphasized a number of problematic issues with the facts of the case,

yet found that, based on the actions of the parties and the language of the notes, the statute

---

[4]  Mississippi Code Annotated Section 75-3-1 (Rev. 2002), a Uniform Commercial Code negotiable-instrument general provision,  states:

> (a) Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date.

> (b) Except as provided in subsection (d) or (e), if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six (6) years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten (10) years . . . .

of limitations was tolled on Mills's claim. Therefore, Mills was awarded all the proceeds from the sale of the 31.3 acres of land, as the dollar amount of his claim exceeded the recovered proceeds from the sale.

¶31.    We find that the chancellor erred and the case should be reversed and rendered against Mills since Mills's claim clearly is barred by the statute of limitations.

¶32.    Mills took no action whatsoever to preserve his lien for non-payment of his $35,000 promissory note and deed of trust. Mills never filed a foreclosure action for failure to pay his $35,000 note, which would have protected his real estate collateral. Mills never filed suit on the note to preserve his right to the money owed on the note. In addition, Mills never petitioned the trial court to intervene in the action. Mills completely failed to assert his legal rights to his $35,000 note. The 1993 complaint resulted in the chancellor granting an injunction concerned the $95,000 note. The injunction did not affect Mills's $35,000 note, nor did it inhibit Mills from pursuing his own claims for non-payment of his $35,000 note. Fuller's filing of his complaint is not equivalent to Mills filing his own complaint. In other words, Mills filed no action or pleadings which tolled the statute of limitations as to him.

¶33.    Fuller argues that Mississippi Code Annotated Section 15-1-57 (Rev. 2003) is applicable to this case. Mississippi Code Annotated Section 15-1-57 provides:

> When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

Fuller claims that the 1993 injunction order for the $95,000 note prevented Mills from collecting and foreclosing on the property. Therefore, the statute of limitations would not

13

have run in this case pursuant to Section 15-1-57. We disagree. In ***Grant v. State***, 686 So.

2d 1078, 1084 (Miss. 1996), this Court held:

> [T]he savings clause in § 15-1-57 of Miss. Code Ann. only applies where a plaintiff is personally prohibited or restrained from bringing suit. It speaks in terms of a person being prohibited by law from bringing suit. ***White*** [ ***v. White***, 601 So. 2d 864, 865 (Miss. 1992)]. The statute was enacted to protect those who are disabled to sue at all, not a rule that says they will lose if they bring suit. ***Id***.

***Grant v. State***, 686 So. 2d at 1084. In addition, the Court in ***Grant*** further held:

> This Court in ***White v. White***, determined that where there is a claim, it must be brought, if at all, within the applicable limitations period, regardless of whether the current substantive law permits recovery. ***Id***. There can be no tolling of the statute of limitations unless the person is personally prohibited from bringing suit. . . .
>
> The decision in ***White*** explained that there was no savings or tolling of the statute of limitations unless an individual is personally prohibited or restrained from commencing or prosecuting his claim; the fact that he cannot recover because of an applicable defense or immunity does not toll the running of the statute of limitations. ***White***, 601 So. 2d at 865.

***Grant***, 686 So. 2d at 1084.

¶34. The 1993 order addressed Esmail's $95,000 note, not Mills's $35,000 note. Again, this order was not against Mills and his note was not encumbered by the order. Mills filed no complaint to preserve his rights on the $35,000 note and toll the statute of limitations. We find that reliance on Section 15-1-57 is without merit.

¶35. Notwithstanding these facts, Mills also asserts that Chimento failed to assert the affirmative defense of statute of limitations. Mills participated in the 1998 pre-trial hearings and the 1999 trial before the chancellor. However, Mills contends that Chimento failed to raise the affirmative defense of statute of limitations to court-ordered, pre-trial proposed

14

findings of fact and conclusions of law which set forth his claims. Mills claims that Chimento waited almost a year to raise the defense of statute of limitations during trial. Mills cites *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006), for his assertion that Chimento's alleged failure to timely raise an affirmative defense in the face of active participation at trial acts as a waiver to an affirmative defense. In addition, Mills argues that his supplemental and amended proposed findings of fact and conclusions of law satisfied the notice pleading requirements of Mississippi Rule of Civil Procedure 8(a). We find Mills's argument to be disingenuous.

¶36.   In *Horton*, this Court held:

> A defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.

*Horton*, 926 So. 2d at 180. *Horton* is distinguishable from the facts of this case. In *Horton*, the plaintiff filed a complaint and the defendants had an opportunity to respond by filing an answer and affirmative defenses. *Id*. *See E. Miss. State Hosp. v. Adams*, 947 So. 2d 887, 891 (Miss. 2007) (Defendants had the opportunity to answer and assert defenses to plaintiff's complaint and participated in litigation, but waited more than two years to bring the motion to dismiss). Here, Mills filed no pleadings with the chancery court to which Chimento could respond until more than ten months *after* the trial.

¶37.   Mills also argues that his supplemental and amended proposed findings of fact and conclusions of law satisfy the pleading requirements of Mississippi Rule of Civil Procedure 8(a). We disagree. Mills argues that, like Mississippi Rule of Civil Procedure 8(a), his

15

findings of fact and conclusions of law contained short and plain statements of the facts which entitled him to relief and provide notice. However, Rule 8(c) concerning affirmative defenses requires a party to plead its affirmative defenses and states, in part "[i]n pleading to a *preceding pleading*, a party shall set forth" various affirmative defenses which are listed in the rule. M.R.C.P. 8(c) (emphasis added). The comment to Rule 8 notes that the list of affirmative defenses stated in the Rule is not exhaustive.

¶38.    Here, Mills never filed any pleadings in the case, nor did he seek to intervene in the case. At best, Mills filed his findings of fact and conclusions of law, however, that was more than ten months *after trial* and after the chancellor's May 2000 judgment in the case. In other words, Chimento had no *preceding pleadings* to which to respond and allege his affirmative defenses.  At trial, Mills did not testify, yet Chimento asserted his right to argue affirmative defenses on Mills's note.  Chimento also specifically argued the statute of limitations when it was discussed at the trial and before the chancellor made a ruling on the issues.  In addition, Chimento asserted the statute of limitations in his answer to the initial 1993 complaint to enjoin foreclosure on the $95,000 note. The record reveals that in 1997, White, as the substituted trustee, filed an answer and affirmative defenses to Fuller's 1993 amended complaint. The answer specifically stated that "[t]he affirmative defense of laches and/or the statute of limitations bars relief sought in Plaintiff's Complaint."  Mills also never filed his own complaint or claim against Chimento or Fuller for failure to pay his $35,000 note.

¶39.    More specifically, on the first day of trial, Mills attempted to clarify the issues to the chancellor.  Mills also attempted to "amend" the pleadings by stating that "the pleadings

16

would be amended to take care of these issues . . ." Later that day, Chimento's counsel stated:

> Judge, I understand at the beginning of this case that [Mills's counsel] read into the record what he believed the issues to be. I seem to recall that he mentioned something about amending pleadings, but I want the record to be clear on my part that I in no way at that point or at this point intend to stipulate that there is any pleadings for him to amend because he hasn't filed any pleadings at all and that, you know, we still believe we're entitled to raise our defenses to the note. . . .

Following testimony, the chancellor and the attorneys addressed a number of issues. In particular, the chancellor noted that Mills had no pleadings to which other parties could respond. Mills asserted that his findings of fact and conclusions of law were, in essence, pleadings. Chimento again argued that the findings of fact and conclusions of law were not pleadings. When questioned by the chancellor concerning what was owed on the two notes, if anything, Chimento responded:

> Well, as far as what's owed to Mr. Mills, **we take the position that, one, the statute of limitations has run, two, he has never filed any pleadings in this action requesting the Court award him any damages or any judgment on that note** and, therefore, this Court has no jurisdiction in this action to find that Mr. Mills is due anything under the note or award him a judgment against the property on the note simply because nothing's been filed to – no suit's been filed on the note and that the statute of limitations has run and that we're in a court of equity here, that it's not fair for him to sit there and hold this note for nine years and say, "Now I want $160,000 instead of the $35,000."
>
> Now, I understand that, you know, you've heard that there was an injunction and, therefore, Mr. Mills was enjoined from foreclosing, but that didn't enjoin him from suing Mr. Chimento individually on the note back in '91, '92, and '93. He could have done that at any time. He was not enjoined from doing that, and if their argument is that this deed of trust to Esmail had merged and that Mills is not the first mortgage, well, he's never – Mills has never been enjoined from foreclosing that we know of, Judge. Unless I'm severely mistaken, he never tried to foreclose, and he's never been enjoined from foreclosing. Only the first mortgagor, Mr. Esmail, through Mr. Chimento

17

tried to foreclose, and that's when the injunction came in, and Mr. Chimento feels that he should be reimbursed the payments he's made to Mr. Esmail in the amount of $110,000, which is for the benefit of both of the parties plus interest, which the statute grants him. . . .

The first time that Mills filed any document concerning proposed findings of fact and conclusions of law with the Chancery Court of Pearl River County was on June 23, 2000, almost ten months *after trial* and after the May 2000 judgment.

¶40.   Even assuming ad arguendo that the chancellor considered Mills's findings of fact and conclusions of law to be pleadings and the chancellor allowed Mills's oral request to amend these "pleadings" to conform to the proof, Mills's claim still fails. Chimento objected to these findings of fact and conclusions of law being considered pleadings and the chancellor acknowledged Chimento's right to reserve his defenses. Further, Mills did not testify, and Chimento orally asserted the statute of limitations soon after the chancellor heard the testimony and before his judgment. Accordingly, we find that this issue is without merit.

**CONCLUSION**

¶41.   For the foregoing reasons, we find that the judgment of the Chancery Court of Pearl River County, Mississippi, should be reversed and rendered in part and reversed and remanded in part. The chancellor erred by finding that the statute of limitations was tolled in favor of Mills and awarding Mills all the proceeds from the land sale. The chancery court's finding that Mills's claim is not barred by the statute of limitations should be reversed. Since Mills is barred by the statue of limitations, the chancery court's judgment awarding Mills all the proceeds from the land sale should be reversed and remanded for proper distribution of the proceeds to Fuller and Chimento.

18

¶42.   **REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART**.

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  DIAZ, P.J., CONCURS IN RESULT ONLY.**