C. W. FOSTER, BY NEXT FRIEND, *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

ACTION FOR DEATH. *Limitation. Disability. No saving. Code* 1892, §§ 663, 2746.

The saving in favor of persons under disability contained in § 2746, chapter 83, code 1892, applies only to the actions mentioned in that chapter. It is not applicable to actions for death under § 663, chapter 21, which are required to be brought within one year after the death, without any saving for those under disability. Therefore, such an action, though by an infant of tender years and without parent or guardian, will be barred ·if not commenced within the year.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

On March 20, 1894, appellant, C. W. Foster, an infant, by his next friend, William Foster, sued appellee for the death of his father, caused by the alleged wrongful act of defendant June 22, 1892. Defendant pleaded that the action was barred because not begun within one year after the death, as provided

by § 663, code 1892.   To this plea plaintiff replied that, at the time of the death of his father, he was an infant of less than two years of age, "not represented by any parent, executor, administrator, guardian or other trustee, and within the saving clause of the statute for such cases made and provided."   Defendant's demurrer to this replication being sustained, plaintiff declined to amend or plead further, and the suit was dismissed. Hence this appeal.

*Wade R. Young*, for appellant.

Section 663, code 1892, under which this action was brought, was article 48, p. 486, code 1857.   That article contained the provision that the action should be commenced within six years; and article 12, p. 400, provided that, if any person entitled to bring any of the actions before mentioned shall be under the disability of infancy, such action may be brought within the time limited after the removal of the disability.   Article 24, p. 402, directed that "the provisions of this act shall not apply to any suit which is, or shall be, limited by any statute contained in this code to be brought within a shorter time than is prescribed in this act."   As the action given by article 48, p. 486, was an action on the case, it came within the saving clause of article 5, p. 399, and article 12, p. 400; and, but for the provision of article 24, p. 402, the running of the statute would have been suspended for six years after the disability of infancy was removed.   The only effect of that provision was that the limitation of one year, provided by article 48, instead of the limitation of six years, provided by article 5, applied.   The action was to be brought within one year, limited by article 48.   That such was the interpretation of this court of the statutes of limitation at that time is shown by the language used in *Pearson* v. *McMillan*, 37 Miss., 588: "Infants, being incapable of protecting themselves, must be protected by the laws of the land, and any system of law would be exceedingly defective which did not afford them protection."   *Bacon* v. *Gray*, 23 Miss., 140.   Such

was the policy of the law, and it was understood by the court
that the saving in the policy was general. There has since been
no change in the statutes to indicate a change in the policy of the
law. Article 48 was re-enacted as § 676, code 1871; article 5
was re-enacted, word for word, as § 2151; and articles 12 and 24
were re-enacted as §§ 2156 and 2168. Article 48 was again re-
enacted as § 1510, code 1880. Article 5, with some verbal
changes, was re-enacted as § 2669, and article 12 was re-enacted
as § 2677, except that the saving was restricted to infants and
persons of unsound mind. Article 24 was re-enacted as § 2689,
except that the word "chapter" was used instead of the word
"act." Article 48 was again re-enacted as § 663, code 1892,
and § 2669, code 1880, was re-enacted as § 2736, code 1892; and
article 24 was re-enacted as § 2763*a*. From a comparison of the
provisions of the code of 1857 with those of the code of 1892,
it appears that article 48 was substantially re-enacted as § 663 of
the latter code; and that article 12 was substantially re-enacted
as § 2746. The only material change was the substitution of
§ 2737, code 1892, for article 5, code 1857.

It is manifest that the intent was to make the statute of six
years apply not only to the actions named in article 5, code
1857, but to all actions for which no other period of limitation
was prescribed, and that the words "any of the personal ac-
tions before mentioned" in § 2746, code 1892, apply to the
actions mentioned in § 2737, as well as the words "any of the
actions before mentioned," in article 12, apply to the actions
mentioned in article 5, code 1857. There has been no other
change, and the saving in favor of infants in § 2746, code
1892, is general, and applies to all personal actions. If such
is not the correct interpretation, it must be said that the spirit
of the law has changed without any material change in the
letter; and our jurisprudence would present the anomaly of an
action in favor of the administrator, to be commenced within
six years, coming within the saving, and an action in favor of
an infant, to be commenced within one year, to be excluded

from it. Such is not the construction in other states. *Railway Co.* v. *Sanders*, 5 S. W. Rep., 563; *Frost* v. *Railway Co.*, 9 At. Rep., 790; *Nelson* v. *Railway Co.*, 14 S. W. Rep., 1021.

*Mayes & Harris*, for appellee.

1. The cause of action arises under § 663, chapter 21, code 1892, which provides that the action shall be commenced within one year. The whole subject relating to these actions is exhausted in this section. It contains no saving in favor of infants.

2. Section 2746, code 1892, refers clearly to the personal actions mentioned in chapter 83, and not to the statute in question. Section 2763*a* directs that the provisions of that chapter (83) shall not apply to any suit limited by any statute to a shorter period. Section 663 is an independent provision containing its own limitation, and is not affected by the general statute of limitations.

The right asserted is one of legislative creation, and is subject to legislative control. That the general statute of limitations does not apply, see *Martin* v. *Gilleylen*, 70 Miss., 324.

WHITFIELD, J., delivered the opinion of the court.

Section 663, code 1892, like its predecessors in the codes of 1857, 1871, and 1880, provides its own special statute of limitations, and contains no saving in behalf of minors. The words "any of the personal actions before mentioned," in § 2746, must be held to apply to the actions mentioned in chapter 83 of the code of 1892, of which it is a part. This is settled by the case of *Maitland* v. *Keith*, 30 Miss., 499. This case and *Martin* v. *Gilleylen*, 70 Miss., 324, and *Morgan* v. *Hazlehurst Lodge*, 53 *Ib.*, 665, are conclusive of the propriety of the action of the court below. *Pearson* v. *McMillan*, 37 Miss., 588, and *Bacon* v. *Gray*, 23 *Ib.*, 140, are not in point. *Frost* v. *Railway Co.*, 9 Atlantic Rep., 790, is also inapposite.

*Railway Co.* v. *Sanders,* 5 S. W. Rep., 563, is based on the Kentucky statute. Chapter 57, § 3, of the Kentucky statutes, which provides for the recovery of damages as our § 663, code 1892, does (except that the Kentucky statute, in the case cited, provides for punitive damages), did not contain in itself the one-year statute. Chapter 71 provided a limitation of one year, and another section of that chapter contained a saving in favor of infants. This legislation, therefore, expressly saved the infant's rights. But, again, the Kentucky court held that there was but one cause of action, could be but one recovery, and that, notwithstanding the saving in favor of the infant, such saving would operate in its favor only where there was no other person *in esse* who could sue on the joint cause of action. This view the Texas supreme court repudiates, on the ground that, whilst there is, as that court also holds, but one cause of action, there may be two or more recoveries on that one cause of action in favor of the parties beneficially entitled under the statute, accordingly as all of them are, or are not, parties to the first or succeeding actions, the action in that state being solely for the benefit of the surviving wife, child, etc. The settled view of § 663, code 1892, here is that there are two causes of action, which may co-exist, but are wholly independent of each other. *Phillips* v. *Railroad Co.,* 64 Miss., 693. So that the Kentucky decision is, both for that reason and because its statute contains an express saving in favor of infants, inapplicable here. The Texas decision is also unpersuasive for the same reasons. There is much apparent force in the suggestion of learned counsel that to hold that the appellant, an infant only two years old, without father or mother or guardian—there being, also, no administrator on the estate of his father, the party killed by appellee—is barred, results in the anomaly that the administrator, by virtue of § 1916, code 1892, may bring an action, in case of death, within six years, whilst the infant will be barred, under § 663, in one year from the death. It is to be observed, however, first, that the causes of action

are not the same.    The administrator sues in this state to recover the damages sustained by his intestate intermediate the injury and the death—damages for personal injuries; such has been the holding—and is asserting a derivative right.    *Railroad Co. v. Pendergrass*, 69 Miss., 425.    But the father or mother or children or next of kin sue for the loss to them occasioned by the death—the value to them of the deceased as a breadwinner —and assert a right given for the first time by § 663.    And, secondly, the matter is one within the power of the legislature to regulate at will, and *ita lex scripta est*.    Considerations suggested by the manifest hardship of the instance are proper to be addressed to the legislative branch of the government, but cannot influence a court to infringe the general rule.    It is to be said, too, as well put in the Kentucky case, that the nature of the cause of action is such that it is in the interest of a sound public policy that the right to sue should be limited to some short period, as against all parties.    However deeply regretting, therefore, the seeming hardness of the precedent, we must not permit that hardness to betray us into bad law.

*The judgment is affirmed.*