# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01222-SCT

*SHAWNDEE AND SHARETTE THIROUX, MINORS, BY AND THROUGH THEIR LEGAL GUARDIAN, VANESSA E. SANTA CRUZ*

*v.*

*JASON W. AUSTIN, A MINOR, BY AND THROUGH HIS LEGAL GUARDIAN AND*

*NEXT FRIEND, NETTIE ARCENEAUX*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/97 |
| TRIAL JUDGE: | HON. BILL JONES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT H. TYLER |
| | V. DENISE LEE |
| ATTORNEYS FOR APPELLEES: | H.M. YOSTE, JR. |
| | RUSSELL S. GILL |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/09/99 |

## EN BANC.

## WALLER, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE AND FACTS

¶1. Jason W. Austin was tried, convicted, and sentenced for the murder of William Albert Thiroux, Jr., who left no surviving spouse, and was survived by two minor children, who were also his sole heirs at law. The legal guardian of the two minor children filed the instant wrongful death action almost three and a half years after the death of their father. The trial judge dismissed the action on Austin's M.R.C.P. 12(c) motion, finding that the minor savings clause did not toll the statute of limitation for a wrongful death action. We reverse and remand.

### STANDARD OF REVIEW

¶2. This Court employs a de novo standard of review for dismissals of actions on the pleadings pursuant to M.R.C.P. 12. *See Young v. State*, 731 So. 2d 1120 (Miss. 1999).

## STATEMENT OF THE LAW

¶3. In *Arender v. Smith County Hosp.,* 431 So. 2d 491 (Miss. 1983), this Court held that the minors saving clause would not apply to a wrongful death claim. **Arender** erroneously relied on the 1895 case of *Foster v. Yazoo & M.V.R. Co.*, 72 Miss. 886, 18 So. 380 (1895). *Foster*, in finding that the savings clause did not apply to a wrongful death action, interpreted a predecessor wrongful death statute containing its own statute of limitation, and a predecessor savings clause with slightly different wording than the one applicable in *Arender.* The savings clause at issue in *Foster* applied to "any of the personal actions *before mentioned.*" Miss. Code of 1892 § 2746 (emphasis added). Therefore, the Court reasoned that it did not apply to a wrongful death action, as the wrongful death statute was not "before mentioned." At that time, the wrongful death cause of action was provided its own statute of limitation, which did not include a savings clause for minors. On the contrary, the current wrongful death statute, and the one in effect at the time of *Arender*, does not contain its own statute of limitation. Therefore that statute is subject to the provisions regarding limitations of actions in Title 15 of the Mississippi Code. *See* Miss. Code Ann. § 11-7-13 (Supp. 1999). Also, the savings clause interpreted in *Foster* no longer contains the phrase "before mentioned" as it did at the time of *Foster*, which limited its application to the actions provided for in the same Chapter. There is no question now that the savings clause, set out in § 15-1-59 of the Mississippi Code, applies to a wrongful death action. *But see Cole v. State*, 608 So. 2d 1313 (Miss. 1992) (holding that the savings clause does not apply to the Mississippi Uniform Post-Conviction Collateral Relief Act, which provides its own separate statute of limitation in Miss. Code Ann. § 99-39-5(2)) *and Marcum v. Hancock County Sch. Dist.,* 1999 WL 353073 (Miss. 1999) (holding that the minor savings clause in Miss. Code Ann. § 15-1-59 does not apply to the Mississippi Tort Claims Act, which has a separate statute of limitation contained in Miss. Code Ann. § 11-46-11).

¶4. We note that the parties in this case have concluded that the applicable statute of limitation is that found in Miss. Code Ann. § 15-1-49 (1995), the general three-year statute of limitation applied to "all claims for which no other period of limitations is prescribed." However, a wrongful death action, since it is predicated on an underlying tort, is limited by the statute of limitation applicable to the tort resulting in the wrongful death. In this case, the underlying tort is one of assault and battery (murder), which cause is limited to a one-year period. Miss. Code Ann. § 15-1-35 (1995); *see Veselits ex rel. Cruthirds v. Veselits*, 653 F. Supp. 1570, 1575 (S.D. Miss.), *aff'd on other grounds*, 824 F.2d 391 (5th Cir. 1987). However, the applicable statute of limitation is not outcome-determinative since the action is still preserved by the minor savings clause.

¶5. We reverse the trial court's judgment which dismissed this action, and we remand this case for further proceedings consistent with this opinion.

¶6. **REVERSED AND REMANDED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, SMITH, MILLS AND COBB, JJ., CONCUR. McRAE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

# McRAE, JUSTICE, SPECIALLY CONCURRING:

¶7. Because I agree that the savings clause applies to toll the running of the statute of limitations, I concur in this Court's judgment to reverse and remand. However, the majority opinion does not go far enough to protect the rights of minors, wrongful death beneficiaries and to give guidance to the litigants. While it is true that the wrongful death statute (Miss. Code Ann. § 11-7-13) requires one suit, this is merely a procedural matter. The defendant should not be required to defend numerous suits; neither should minors be required to give up their right to sue or lose their claim because some adult is either ignorant or refuses to bring a lawsuit for and on behalf of all other heirs. *Arender v. Smith County Hosp.*, 431 So. 2d 491 (Miss. 1983), should be overruled.

¶8. Today's majority decision takes a step forward in protecting the rights of minors by holding that the savings clause tolls the statute of limitations for wrongful death actions. However, just as quickly as it takes "the step," it takes another backwards by not overruling *Arender.*

¶9. Without the majority clearly addressing the issue, a problem will continue to exist when there is an ex-spouse, son or daughter of a decedent from another marriage living in another state who has little contact with the present family minors and fails to bring a timely lawsuit. The claim for loss of love, society, companionship and support which belongs to the individual minor is forever lost. The procedure is to bring it in one lawsuit.

¶10. By not overruling *Arender*, no guidance is given to minors, nor is the constitutional right that we said must exist in *Mississippi State Bar Ass'n v. Moyo*, 525 So. 2d 1289 (Miss. 1988). Vindicated in *Moyo*, we recognized the long established rule that the courts should act as the superior guardian for all persons under disability: "The court will not and cannot permit the rights of an infant to be prejudiced by any waiver, or omission or neglect or design of a guardian, or of any other person, so far as within the power of the court to prevent or correct." *Moyo*, 525 So. 2d at 1293 (quoting *Union Chevrolet Co. v. Arrington*, 162 Miss. 816, 826-827, 128 So. 593, 595 (1932)).

¶11. We are stripping minors of their constitutional right to "due process of law" merely because they are not aware of what other heirs will or won't do. If injury is done to a minor's person, as in this case, by the loss of a relative's companionship and financial support (both of which are invaluable to a minor's development into an adult), then the aggrieved minor should be allowed to seek remedy when that minor has the requisite capacity to do so. Minors, like everyone else in this state, deserve the chance to exercise the right to remedy. They suffer under a disability declared by law.

¶12. The Majority concedes that the *Arender* erroneously relied on the case of *Foster v. Yazoo & M.V.R. Co.*, 72 Miss. 886, 18 So. 380 (1895), which interpreted a predecessor wrongful death statute containing its own statute of limitation, and a predecessor savings clause with slightly different wording than the one applicable in *Arender.*[1] The Court blindly quoted and followed *Foster* as it concluded that Miss. Code Ann. § 15-1-59 does not apply to a wrongful death action. As a result, the holding in *Arender* is inapplicable and should be overruled, not overlooked as in this decision, by allowing the savings clause to apply to minors in wrongful death cases **and** by not barring those minors from suit when another beneficiary, not under a disability, allows the statute to run. The majority opinion does hoop dances around *Arender*, and the logic for not overruling it is misguided. It fails to keep us up to date with modern law, specifically that of our sister states. The majority's position is one that has the potential to pose a great hardship,

especially in these modern times of split families.[2]

¶13. Other jurisdictions have addressed this question.[3] Consideration has been given to those minors who still suffer from disabilities but who are impeded upon by the fact that there is an adult heir who, for whatever reason, did not bring the lawsuit for and on behalf of all.

¶14. Oklahoma, for example, holds that the child may bring the suit. *See* ***Brookshire v. Burkhart***, 283 P. 571, 573, 576, & 578 (Okla. 1929). *Accord*, ***Hamilton v. Vaden***, 721 P. 2d 412, 414-15 (Okla. 1986). The ***Brookshire*** court found the damages at issue to inure to the exclusive benefit of the minor. *See* ***Brookshire,*** 283 P. at 573. The court held that where the suit was brought after the running of the statute of limitations, the father was precluded from suit himself, but the minor was entitled to sue by his father. *See id.* at 573, 576, & 578. In ***Hamilton***, the Oklahoma Supreme Court bluntly stated "that the minority status of a surviving child tolls the limitation period prescribed by the wrongful death act." ***Hamilton***, 721 P.2d at 414.

¶15. The prevailing rule appears to be similar to that of Oklahoma:

> Perhaps the rule which is best supported by the authorities is that if the right is joint and several the disability of one will save him but will not avail another who is not under disability, and that if the right is joint so that the suit cannot be brought except by the parties jointly, then the rights of all are saved if any are under disability; . . ."

54 C.J.S. *Limitations of Actions* § 110, at 149 (1987). The statute runs as against those not under disability but not as to the others. We should follow the lead of other states and allow the child to bring the wrongful death suit for and on behalf of all heirs except those non-disabled heirs who are precluded for failure to timely bring suit.

¶16. Since the time of ***Price v. Crone***, 44 Miss. 571 (1871), this Court has given special protection to the rights of minors. To write around ***Arender*** is misguided. It should simply be overruled as it was bad law from its inception. While I agree that procedurally only one lawsuit should be brought against a defendant, by the same token we should protect the rights of minors and not deny them the chance to bring a lawsuit due to the indolence of another. In order to protect those rights, and fulfill our duties to minors as expressed in ***Moyo,*** this Court should overrule ***Arender.***

### SULLIVAN, P.J., JOINS THIS OPINION.

1. ***Foster*** interpreted the case of ***Railroad Co. v. Sanders***, 5 S.W. 563 (Ky. 1887), which was based on the Kentucky statute, chapter 57, § 3, Gen. St. That statute provided for the recovery of damages, as did section 663, Code 1892 (except that the Kentucky statute, in the case cited, provided for punitive damages), and did not contain in itself the one-year statute.

2. If the minor's constitutional right to redress were not so protected, the minor would be unduly harmed. It is conceivable and likely that a minor may be subject to a scenario in which the wrongfully deceased adult leaves a majority child from the first marriage and the minor from the second marriage such that the majority child fails to bring suit, the statute runs on the first child's majority, and the minor child is unwittingly deprived of the right to sue.

3. Some examples of other jurisdictions that follow this rule are exemplified in the following cases:

*Chastang v. Washington Lumber & Turpentine Co.*, 102 So. 2d 899 (Ala. 1958); *Hart v. Wimberly*, 296 S.W. 39 (Ark. 1927); *Riddle v. Roll*, 24 Ohio St. 572 (1874); *Haley v. White*, 58 S.E.2d 88 (S.C. 1950).