**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2007-IA-00909-SCT**

*UNIVERSITY OF MISSISSIPPI MEDICAL
CENTER*

*v.*

*LATISHA McGEE, INDIVIDUALLY AND ON
BEHALF OF THE HEIRS OF LAURA WILLIAMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2007 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | STEPHANIE CASE EDGAR |
| | JOSEPH L. McNAMARA |
| ATTORNEY FOR APPELLEE: | KATRINA M. BIBB GIBBS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED IN PART AND REMANDED; REVERSED IN PART AND RENDERED. - 12/11/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Defendant University of Mississippi Medical Center ("UMMC") appeals the denial

of its motion for summary judgment by the Circuit Court of Hinds County, Mississippi.

UMMC alleges on appeal that the trial court committed a legal error in determining whether

the statute of limitations had run on Plaintiff Latisha McGee's claim. Relying on this Court's

recent decision, ***Caves v. Yarbrough***, No. 2006-CA-01857-SCT, (Miss. Sept. 25, 2008), we

find that the statute of limitations for the survival claims, that is, the claims Williams could

have brought had death not ensued, began to run on September 7, 2004. And, because the statutorily-required notice was not provided within one year of that date, the statute of limitations has expired on those claims. We further hold that the statute of limitations for the wrongful-death claim, that is, the claim that belongs to McGee, began to run on December 19, 2004, the date of death. Since notice of that claim was received on November 28, 2005, which was within one year of Williams's death and therefore, the one-year statute of limitations for the claim, the statute of limitations was tolled for ninety-five days from the date of the notice, and the claimant had ninety days thereafter to bring suit. Because suit was brought within the period allowed, McGee may proceed with her claim.

## FACTS AND PROCEDURAL HISTORY

¶2. The decedent, Laura Williams, underwent a total abdominal hysterectomy at UMMC on September 1, 2004. During this surgery, UMMC physicians also removed a cancerous abdominal mass and a cancerous intestinal mass from Williams, who had been previously diagnosed with small-bowel cancer. Six days later, on September 7, 2004, Williams presented to the UMMC emergency department with complaints of abdominal pain, nausea, vomiting, and a decreased appetite. Upon examination, it was discovered that a laparotomy sponge had been left inadvertently in Williams's abdomen during her September 1, 2004, operation at UMMC. Thus, the decedent had one year to seek redress from UMCC for this mistake. With Williams's consent, UMMC physicians performed an exploratory laparotomy on September 8, 2004, during which they removed the laparotomy sponge.

2

¶3. In October of 2004, Williams visited Central Mississippi Medical Center, where she was told that the cancer had spread throughout her body. Williams died of metastatic adenocarcinoma and anoxic brain injury on December 19, 2004.

¶4. Plaintiff Latisha McGee, Williams's daughter, sent a notice-of-claim letter to UMMC on November 21, 2005, which UMMC received on November 28, 2005. McGee filed suit against UMMC on February 21, 2006. McGee claimed medical negligence, alleging that UMMC had failed to provide health care in accordance with minimal standards of competency and that UMMC's negligence was a proximate cause of Williams's injuries. McGee also claimed under the theory of *res ipsa loquitur* that the sponge left in Williams was under the exclusive control of UMMC and proximately caused Williams's injuries, including her death. The injuries attributed to UMC's negligence included pain and suffering, mental anguish, disability, cost of medical and hospital services, and lost future earnings. UMMC filed a motion for summary judgment contending that the statute of limitations had run on Williams's *res ipsa loquitur* claim and the medical-negligence claims arising before November 28, 2004.

¶5. The trial court denied UMMC's motion for summary judgment, without explanation. UMMC filed a petition for interlocutory appeal with this Court, seeking to appeal the trial court's denial of its motion for summary judgment. This Court granted UMMC's petition for interlocutory appeal.

**DISCUSSION**

I. **WHETHER THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT.**

¶6.     UMMC argues that the trial court erred in denying its motion for summary judgment in that it failed to apply the proper law with regard to the statute of limitations.  This Court reviews questions of law de novo, including statute-of-limitations issues. *Chimento v. Fuller*, 965 So. 2d 668, 673 (Miss. 2007).

¶7.     UMMC is an instrument of the State of Mississippi and is subject to the requirements of the Mississippi Tort Claims Act ("MTCA"). *Davis v. Hoss*, 869 So. 2d 397, 401 (Miss. 2004) (citing Miss. Code Ann. § 11-46-1(j)).

¶8.     Mississippi Code Annotated Section 11-46-11(3) states:

> All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. . . . The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter . . . .

Miss. Code Ann. § 11-46-11(3) (Rev. 2002) .

¶9.     This Court recently has explained when the statute of limitations begins to run for survival claims and wrongful-death claims under the MTCA. *Caves v. Yarbrough*, No. 2006-CA-01857-SCT at 6, (Miss. Sept. 25, 2008). In a suit under the wrongful-death statute, there may be several different kinds of claims, and each kind of claim is subject to its own statute

4

of limitations. The limitation period begins to run on the earliest date all of the elements[1] of a tort are present. *Caves*, No. 2006-CA-01857-SCT at 8-9, 11. Further, this Court applies a discovery rule to MTCA claims. *Caves*, No. 2006-CA-01857-SCT at 5-6. In summary, "the MTCA's one-year statute of limitations begins to run when the claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, and the act or omission which proximately caused it." *Caves*, No. 2006-CA-01857-SCT at 23.

¶10. The pertinent facts are undisputed. The negligent act occurred on September 1 when doctors left the sponge in Williams. On September 7, Williams arrived at UMMC with complaints of abdominal pain, nausea, vomiting, and a decreased appetite. On September 7, doctors at UMMC discovered that a sponge had been left inside Williams. Thus, on September 7, all the elements of Williams's negligence claim were present, and the statute of limitations began to run. On September 8, the doctors removed the laparotomy sponge from Williams.

¶11. The statute of limitations for claims Williams could have brought began to run on September 7, 2004, and expired one year later. The statute of limitations for McGee's claim, however, did not begin to run until, at the earliest, December 19, 2004, the date of death, and the date McGee's damages accrued. The notice-of-claim letter was received on November 28, 2005, within the one-year statute of limitations.

---

[1] For instance, where the plaintiff brings a claim that the death resulted in a loss of society and companionship, the statute of limitations begins to run on the date of the death, when the element of damages accrues.

5

¶12.   The parties dispute whether *Jenkins* applies to this case since it was decided in 2006, and the complaint in this case was filed in 2005. *Jenkins v. Pensacola Health Trust, Inc.*, 933 So. 2d 923 (Miss. 2006). First, *Jenkins* simply reiterates the holding of *Thiroux v. Austin*, 749 So. 2d 1040 (Miss. 1999), which held that the pertinent statute of limitations in a case brought under the wrongful-death statute is that of the underlying tort. *Jenkins*, 933 So. 2d at 926. Therefore, *Thiroux* governed this case at the time the claim was filed, and the additional governing cases – *Caves* and *Jenkins* – apply retroactively to the present case. *See Cleveland v. Mann*, 942 So. 2d 108, 113 (Miss. 2006) ("all judicial decisions apply retroactively unless the Court has specifically stated the ruling is prospective").

¶13.   However, for a wrongful-death claim brought under the MTCA, the tort is not complete until the final element of the tort manifests and the cause of action is known. At the earliest, this is the date of death. *Caves*, No. 2006-CA-01857-SCT at 23.

¶14.   McGee, through her attorney, sent a notice-of-claim letter to UMMC on November 21, 2005.[2] The notice of claim was received by UMMC on November 28, 2005. Pursuant to Section 11-46-11(3), the statute of limitations is tolled for ninety-five days "from the date

---

[2]   The notice-of-claim letter provided that "[t]he injuries to Ms. Laura Williams occurred between August 2004 and December 19, 2004." While the notice of claim provided that a sponge had been left inside Williams during the hysterectomy, it also provided that "Ms. Williams, who has a history of congestive heart failure, stopped breathing." The family was told that it was unknown how long she had been without oxygen. Ms. Williams was one-hundred-percent brain-dead and died on December 19, 2004. Furthermore, Dr. Mukund Patel, an expert for McGee, stated that Williams was hospitalized for the periods of August 10-19, 2004; September 8-11, 2004; October 21-November 12, 2004; and November 14-December 19, 2004. Dr. Patel stated that Williams died from cancer *and* anoxic brain injury. While Dr. Patel ultimately concluded that the sponge added to Williams's morbidity, his opinion was appended to McGee's Response to Defendants' Motion for Summary Judgment. UMMC moved for summary judgment on the sole basis that the statute of limitations had expired on the *res ipsa loquitur* claim.

the chief executive of the state agency *receives* the notice of the claim." Miss. Code Ann. § 11-46-11(3) (Rev. 2002) (emphasis added). Therefore, the statute of limitations for the wrongful-death claims was tolled on November 28, 2005, and did not expire until March 3, 2006.

¶15.    After reviewing the evidence before the trial court, this Court finds that the statute of limitations for the survival claim has expired.

## CONCLUSION

¶16.    The plaintiff's survival claim occurred more than one year prior to providing notice; thus, that claim is barred by the statute of limitations. The wrongful-death claim is not barred. Accordingly, this Court  reverses the trial court's denial of summary judgment on the survival claim and renders summary judgment for UMMC on that claim.  This Court affirms the denial of summary judgment as to the wrongful-death claim and remands this case for further proceedings on the wrongful-death claim.

¶17.    **AFFIRMED IN PART AND REMANDED; REVERSED IN PART AND RENDERED.**

**WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  GRAVES, J.,  CONCURS IN RESULT ONLY.**