RANDOLPH, Justice,
Concurring in Part and Dissenting in Part.
¶ 95. Regarding Issue I, I agree with the Majority’s conclusion that “the trial court did not err in its finding that the notice requirements are clear, must be strictly applied, and must be given retroactive effect.”[7] (Majority Opinion at ¶ 19). However, as to Issue II, I join Section I of Presiding Justice Graves’s dissenting opinion which concludes that Price “substantially complied” with the statutory requirements of Mississippi Code Section 11-46-11(2), as we addressed in Lee v. Memorial Hospital at Gulfport, 999 So.2d 1263, 1266-67 (Miss.2008).[8] Having a different *541 opinion regarding Issue III, I join neither the Majority Opinion, nor Section II of Presiding Justice Graves’s dissenting opinion, as discussed infra. As to the remaining issues, I agree with the Majority. Accordingly, I respectfully concur in part and dissent in part.
¶ 96. Not long ago, via tort reform, the Legislature wrought significant changes affecting suits against the sovereign and medical providers. The implemented statutes were enacted after considerable and heated debate in the public realm and within the Legislature. The appropriate constitutional body, the Legislature, determined their adoption was in the best interests of the citizens of this State. The resulting legislation included the pre-suit notice requirements of Mississippi Code Sections 11-46-11(1) and 15-1-36(15), which are at issue today. See Miss.Code Ann. § 11-46-11(1) (Rev.2002); Miss.Code Ann. § 15-1-36(15) (Rev.2003). The effect of today’s decision is a judicial nullification of those pre-suit notice requirements[9] and a repudiation of decisions of this Court requiring compliance therewith.
¶ 97. Less than one year ago, in Wim-ley v. Rei(f 991 So.2d 135 (Miss.2008), this Court firmly proclaimed that “we guard ... diligently the Legislature’s prerogative to set forth in legislation whatever substantive, pre-suit requirements for causes of action, and prerequisites to filing suit, it deems appropriate.” Id. at 139. This Court elaborated further that:
pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court’s rule-making responsibility. Indeed, we consistently have held that the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits. For instance, the Legislature promulgated, and we have enforced, Section 11-46-11(1), which requires that notice be provided to the putative defendant prior to bringing a claim under the Mississippi Tort Claims Act. Miss.Code Ann. § 11-46-11(1) (Rev.2002). Similarly, the Legislature promulgated, and we have enforced, Section 15-l-36(15)’s requirement of notice prior to bringing a medical-negligence claim. Miss.Code Ann. § 15-1-36(15) (Rev.2003); see e.g. Arceo v. Tolliver, 949 So.2d 691, 693-97 (Miss.2006) (strictly construing and applying statute which requires plaintiffs to give notice before commencing a medical negligence action).
Wimley, 991 So.2d at 139 (emphasis added). See also Thomas, 999 So.2d at 847 (a Section 15-1-36(15) case in which this Court avowed that “[t]he Legislature’s authority to make law gives way to this Court’s rule-making authority when the suit is filed, not before”); Forest Hill Nursing Ctr. v. Brister, 992 So.2d 1179, 1189 (Miss.2008) (“we clearly acknowledged in Wimley the Legislature’s constitutional authority to set out pre-suit requirements — ”) (emphasis added).
*542 ¶ 98. Regarding Section 11-46-11(1), this Court has declared that, following notice, the plaintiff must wait the requisite ninety days prior to filing suit. See Parker v. Harrison County Bd. of Supervisors, 987 So.2d 435, 441 (Miss.2008) (strict compliance with the ninety-day-notice provision of Section 11^46-11(1) is required)', Long v. Mem’l Hosp. at Gulfport, 969 So.2d 35, 41 (Miss.2007) (“[t]he [MTCA] gives a governmental entity defendant ninety days from the filing of a notice of claim to consider the claim before a lawsuit can be maintained ”) (emphasis added); S. Cent. Reg’l Med. Ctr. v. Guffy, 930 So.2d 1252,1259 (Miss.2006) (“[t]he MTCA specifically requires the plaintiff to wait ninety days after providing notice before maintaining an action against a governmental entity ....”) (emphasis added); Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 820 (Miss.2006) (this Court has a “constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation”).
¶ 99. As to Section 15-1-36(15), its sixty-day-notice requirement likewise has been strictly construed by this Court. See Williams v. Skelton, 6 So.3d 428, 430 (Miss.2009) (quoting Williams v. Skelton, 6 So.3d 433, 435 (Miss.Ct.App.2008)) (“[w]e agree with the Court of Appeals that this Court ‘has required strict compliance with the mandates of Mississippi Code Annotated Section 15-1-36 such that failure to satisfy the pre-suit notice requirement mandates dismissal of the plaintiffs complaint’”) (emphasis added); Thomas, 999 So.2d at 847 (“[b]ecause Thomas failed to provide a sixty-day notice as required by Section 15-1-36(15), we must affirm the trial court’s dismissal of the complaint”); Brister, 992 So.2d at 1188 (“Mississippi Code Annotated Section 15-1-36(15) clearly states that no action may be begun without prior notice.”) (emphasis added); Saul v. Jenkins, 963 So.2d 552, 554 (Miss. 2007) (“Section 15-1-36(15) requires plaintiffs to provide sixty days’ notice of intention to commence an action ....”) (emphasis added); Arceo, 949 So.2d at 694-97; Pitalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (Miss.2006) (Section 15-1-36(15) “requires that an action based on professional negligence of a health care provider may not begin unless the defendant has been given at least 60 days prior written notice of the intention to begin the action.”) (emphasis added). Simply stated, “[w]hen drafting Miss.Code Ann. Section 15 — 1— 36(15), the Legislature did not incorporate any given exceptions to this rule which would alleviate the prerequisite condition of prior written Pitalo, 933 So.2d at 929 (emphasis added). “Section 15-1-36(15)’s notice requirement is a pre-suit prerequisite to a claimant’s right to file suit.” Thomas, 999 So.2d at 847 (emphasis added).
¶ 100. According to the Majority Opinion:
no precedent is cited by either the trial court or the parties supporting the trial court’s failure to give a tolling effect to the original complaint due to Price’s failure to provide statutory notice.
(Majority Opinion at ¶ 27). Initially, I note that the “[fjailure to cite relevant authority obviates the appellate court’s obligation to review such issues.” In re Smith, 926 So.2d 878, 886 (Miss.2006) (quoting Byrom v. State, 863 So.2d 836, 863 (Miss.2003)). Nonetheless, the Majority chooses to review this issue, citing Owens v. Mai, 891 So.2d 220 (Miss.2005), which is irrelevant to the issues presented in this case. See ¶ 103 infra. In so doing, the Majority rejects the proposition that the legislatively-mandated pre-suit notice requirements of Mississippi Code Sections 11^46-11(1) and 15-1-36(15) constitute “a condition precedent to filing particular kinds of lawsuits.” Wimley, 991 So.2d at 139 (emphasis added). See also Thomas, *543 999 So.2d at 846 (“because the defendants in this case did not have ‘sixty (60) days prior written notice of the intention to begin the action,’ this lawsuit was not lawfully filed, and it is of no legal effect”) (emphasis added); Easterling, 928 So.2d at 819 (absent the requisite notice, the complaint is deemed “prematurely filed.... ”).
¶ 101. In short, the right to sue heretofore has been conditioned upon fulfillment of the statutory notice requirement. “It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced .... ” Crawford Commercial Constructors, Inc. v. Marine Indust. Residential Instdation, Inc., 437 So.2d 15, 16 (Miss.1983) (quoting Georgia Pac. Ry. Co. v. Baird, 76 Miss. 521, 24 So. 195, 196 (1898)). Thus, in the absence of satisfying the statutory notice requirement, no right of action exists and, therefore, no “duly filed”[10] or “duly commenced” [11] civil action exists, as presumptively declared by the Majority in the absence of authority or citation. While this Court previously has erroneously held that the MTCA’s pre-suit notice requirements are jurisdictional, they are not merely “directive” either. Jackson v. Lumpkin, 697 So.2d 1179, 1181 (Miss.1997) (incorrectly holding that the notice requirements are jurisdictional; correctly holding that such requirements are not simply “directive”), overruled on other grounds by Carr v. Town of Shubuta, 733 So.2d 261, 263 (Miss.1999). Instead, the pre-suit notice requirements of the MTCA are akin to federal statutory notice requirements in employment discrimination suits. For instance, under the Age Discrimination in Employment Act, “before an aggrieved party can commence a civil action on an age discrimination claim he must file a charge with [the] EEOC ‘within 180 days after the alleged unlawful practice occurred.’ ” Pruet Prod. Co. v. Ayles, 784 F.2d 1275,1279 (5th Cir.1986) (quoting 29 U.S.C. § 626(d)(1)). See also Yee v. Baldwin-Price, 2009 WL 1361527, at *2 (5th Cir. May 15, 2009) (“ ‘[f]ailure to notify the EEO counselor in [a] timely fashion may bar’ the employee’s claim”). In Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the United States Supreme Court determined that “filing a timely charge of discrimination with the EEOC is not & jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.” Zipes, 455 U.S. at 393, 102 S.Ct. 1127 (emphasis added). In Ayles, the Fifth Circuit cited Zipes in finding that “this timely filing of a charge is not a jurisdictional requirement in the sense that failure to do so deprives the district court of subject matter jurisdiction, but is akin to a limitations statute which a plaintiff must satisfy as a condition precedent to filing suit.” Ayles, 784 F.2d at 1279 (citing Zipes, 455 U.S. at 393, 102 S.Ct. 1127) (emphasis added). See also Yee, 2009 WL 1361527, at *2 (“[t]he exhaustion requirement is not jurisdictional, however, and is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling”).
¶ 102. Similarly, pre-suit notice requirements could be compared to standing disputes. Standing, like satisfaction of the pre-suit notice requirements, “is to be determined as of the commencement of suit....” Lujan v. Defenders of Wildlife, 504 U.S. 555, 571 n. 5,112 S.Ct. 2130, 2142, 119 L.Ed.2d 351, 371 (1992). In Delta Health Group, Inc. v. Estate of Pope ex rel. Payne, 995 So.2d 123 (Miss.2008), this Court determined that “[t]he Legislature failed to confer standing on a great-nephew.... This Court is without authority to ... empowe[r] him with a legal right to commence suit.” Id. at 126. Similarly, *544 this Court is without authority to empower Price with the right to commence suit. “Were this Court to allow such a scenario, any person could commence an action, toll the statute of limitations, [and] ... keep the courthouse door open.... ” Id.
¶ 103. Why is the Majority’s reliance on Mai misplaced? The issue addressed in Mai was “whether failure to serve a defendant within 120 days as required by Rule 4(h) of the Mississippi Rules of Civil Procedure is a ‘matter of form’ as contemplated by Miss.Code Ann. § 15-1-69.” Mai, 891 So.2d at 222. Unlike the pre-suit notice requirements of Mississippi Code Sections 11 — 46-11(1) and 15-1-36(15), “clearly within the purview of the Legislature,” Wimley, 991 So.2d at 139, the failure to serve is a subject clearly within the realm of “this Court’s rule-making responsibility.” Id. As such, the pre-suit notice requirements do not “abrogate] the Mississippi Rules of Civil Procedure ... by invalidating complaints that were properly filed and served.” (Majority Opinion at ¶ 29). Rather, our precedent dictates that the failure to abide by such pre-suit notice requirements forecloses the possibility of a “properly filed,” legally effective complaint. As this complaint “is of no legal effect,]” according to the prior holdings of this Court, Thomas, 999 So.2d at 846, I am at a loss as to why the statute of limitations would be tolled.[12]
¶ 104. To hold otherwise nullifies the legislatively-enacted, pre-suit notice requirements and repudiates the prior holdings of this very Court. The ruling grants litigants license to spurn legislative directives, as was done in this case.[13] Decisions such as this reward those who intentionally fail to follow statutorily-prescribed conduct and likely will lead to further erosion of the legislation, such as application of Mississippi Code Section 15-1-69 to complaints filed without proper notice.
¶ 105. “While the right under our state and federal constitutions to access to our courts is a matter beyond debate, this right is coupled with responsibility, including the responsibility to comply with legislative enactments, rules, and judicial decisions.” Arceo, 949 So.2d at 697. Today’s decision acts to “render meaningless any rule or statute setting time limitations on litigants.” Id. Nullification of the statutory notice requirements, absent constitutional infirmity, is a decision for the Legislature alone.

. However, I would note that within Issue I, the trial court erroneously found that "Price could have avoided being subject to the September 1, 2004, cap on damages only if she had filed sixty days after her husband's diagnosis and had not waited to file until after his death.” (Majority Opinion at ¶ 15). University of Mississippi Medical Center v. McGee, 999 So.2d 837 (Miss.2008), provides that:
[tjhis Court recently has explained when the statute of limitations begins to run for survival claims and wrongful-death claims under the MTCA. Caves v. Yarbrough, No.2006-CA-01857-SCT at 6, (Miss.2008). In a suit under the wrongful-death statute, there may be several different kinds of claims, and each kind of claim is subject to its own statute of limitations. The limitation period begins to run on the earliest date all of the elements of a tort are present. Caves, No.2006-CA-01857-SCT at 8-9, 11.... In summary, "the MTCA’s one-year statute of limitations begins to run when the claimant knows, or by exercise of reasonable diligence should know, of both the damage or injury, and the act or omission which proximately caused it.” Caves, NO.2006-CA-01857-SCT at 23.
[[Image here]]
However, for a wrongful-death claim brought under the MTCA, the tort is not complete until the final element of the tort manifests and the cause of action is known. At the earliest, this is the date of death. Caves, NO.2006-CA-01857-SCT at 23.
McGee, 999 So.2d at 840-41 (emphasis added). The trial court found that the statute of limitations began to run on April 9, 2004, despite the presence of wrongful-death claims. Accordingly, I would remand for a new computation of the statute of limitations on such wrongful-death claims.

. While I agree with Presiding Justice Graves's Section I conclusion, I reject portions of the reasoning employed, including, but not limited to, his opinion that the legislative purpose is "absurd,” without "rational explanation,” and "extremely burdensome” upon the parties. (Dissenting Opinion at ¶¶ 75-76). Although some persons may agree that numerous statutes passed by the Legisla *541 ture are without rational explanation and/or burdensome on the citizens they affect, it is not the prerogative of this Court to refuse enforcement of laws which it deems unwise. See Thomas v. Warden, 999 So.2d 842, 846 (Miss.2008) ("[o]ur constitutional duty is to interpret and apply the law as it is written, not as we think it might have been more fairly written.'').

. See Miss. Const, art. 1, § 1 ("[t]he powers of the government of the State of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.''); Miss. Const, art 1, § 2 ("[n]o person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others.”).

. See Majority Opinion at ¶ 2.

. See Miss.Code Ann. § 15-1-69.

. While “equitable tolling” could be permissible, see Zipes, 455 U.S. at 393, 102 S.Ct. 1127 (emphasis added), it is clearly not implicated in the case sub judice. See footnote 7 infra.

. Price’s brief provides that the decision to file the complaint on August 31, 2004, one day after sending notice of claim letters, "was not a simple mistake but rather the result of a strategic decision....” In making that decision, Price does not dispute that Sections 11-46-11(1) and 15-1-36(15) "are clear in their meaning and not ambiguous.... ”