KITCHENS, Justice,
Concurring in Part:
¶ 17. For more than 150 years, the rule in Mississippi was simple: the statute of limitations for claims filed pursuant to the wrongful death statute could not begin to run until death. Yet, beginning with Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923 (Miss.2006), this Court embarked upon a curious and confusing course that has drastically changed and unduly complicated this plain and simple rule, and we have yet to settle on a controlling rule of law.
¶ 18. Today’s majority opinion adds to the mix yet another befuddling decision that will further confound the bench and the bar. While greatly respecting the views of my colleagues in the majority, I write separately to explain why I believe the wiser course would be found in a U-turn back onto the well-marked course we followed during the 19th, 20th, and early 21st Centuries.
¶ 19. The clear, established law in Mississippi was that the statute of limitations for all claims brought pursuant to the wrongful death statute could not begin to run until the date of the decedent’s death. See Gentry v. Wallace, 606 So.2d 1117, 1120 (Miss.1992), overruled in part by Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923 (Miss.2006). In 2006, the Court forsook its longstanding precedent, and in Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923, with only five justices participating in the decision, the Court reasoned that the statute of limitations begins to run on the date of the injury, not the date of death. Not long after Jenkins, this Court decided Caves v. Yarbrough, 2007 WL 3197504 (Miss.2007), holding that, in wrongful death actions involving governmental entities, not only did the statute of limitations begin to run on the date of the underlying injury, but that the statutory discovery rule for medical negligence cases, Mississippi Code Section 15-1-36(1) (Rev.2003), is inapplicable to such claims.
¶ 20. Bound by these decisions, the trial judge in the instant case granted SCRMC’s motion to dismiss. The judge reasoned that, because this Court had adjudicated the date of injury to be controlling, and not the date of death, the statute of limitations had begun to run no later than November 19, 2005, the last date Mr. Cook was conscious. Because SCRMC received the notice of claim on December 6, 2006, the one-year anniversary of Mr. Cook’s death, Saul’s claims were held to be barred by the expiration of the statute of limitations.
*1043 ¶ 21. Under Jenkins and the Court’s first decision in Caves, the trial court would have been correct in dismissing Saul’s claims. However, subsequent to deciding those two cases, this Court continued to tinker with the law. On September 25, 2008, the Court withdrew the original Caves opinion and rightly held that the discoveiy rule does apply to claims brought under the Mississippi Tort Claims Act (MTCA). Caves v. Yarbrough, 991 So.2d 142 (Miss.2008). In addition, however, the Court declared that actions brought under the wrongful death statute could encompass several sorts of claims, and the statute of limitations for each type of claim could be triggered by different kinds of events. Id. at 148-51. Now, instead of the statute of limitations’ beginning to run on the date of death, as in Gentry, or on the date of the injury, as in Jenkins, the Court has determined that both the date of death and the date of injury could apply. Caves, 991 So.2d at 150.
¶ 22. On appeal, Saul urges this Court to return to the pre-Jenkins rule, and she makes a sound and compelling argument, most notably that nothing in Mississippi’s 150-year history in this area of law supports these recent decisions. This state’s first wrongful death statute provided a statute of limitations of “one year after the death of such deceased person.” Miss. Code Ch. 61, art. 48 (1857) (emphasis added). In 1908, the legislature removed the limitations provision, and the Code’s general, six-year limitations period applied. Arender v. Smith County Hosp., 431 So.2d 491, 492 (Miss.1983). Although the time period was shortened by the legislature from six years to three years in 1989, the pertinent language in this catch-all provision remained the same: “All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.” Miss.Code Ann. § 15-1-49(1) (Rev.2003).
¶ 23. Despite the 1908 legislative removal of the express limitations language from the wrongful death statute, this Court steadfastly recognized and held that the statute of limitations cannot begin to run until the decedent’s death. Gentry, 606 So.2d at 1121 (citing Smith v. McComb Infirmary Ass’n, 196 So.2d 91 (Miss.1967); Pickens v. Ill. Cent. R. Co., 92 Miss. 210, 45 So. 868 (1908); Foster v. Yazoo & MS Valley R. Co., 72 Miss. 886, 18 So. 380 (1895)). The logic was that a wrongful death action is different from other kinds of personal injury actions, and is meant to compensate the statutory beneficiaries of the decedent for certain damages stemming from his or her demise, when caused by the act or omission of another. Id. at 1119-20, 18 So. 380. Because the claim does not come into existence until there is a death, the date of death, quite logically, was judicially deemed to be the earliest time that the statute of limitations could begin to run. Id. at 1121, 18 So. 380.
¶ 24. Thus, actions brought under the wrongful death statute are distinguishable from those actions brought pursuant to the survival statute. The survival statute, now codified at Mississippi Code Section 91-7-233, allows executors or administrators to pursue any claim which the decedent could have maintained for himself had he lived. Miss.Code Ann. § 91-7-233 (Rev.2004). Such claims would be personal to the deceased, claims which did not cause his or her death. The wrongful death statute, on the other hand, allows the beneficiaries to recover for damages caused by those personal torts which did cause death. See In Re Estate of England, 846 So.2d 1060, 1068 (Miss.Ct.App.2003) (“When the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is em *1044 braced by the ‘one suit’ for wrongful death and is not actionable by the estate under the survival statute”) As Gentry explained, “while a personal injury case enables an injured party to recover damages for the injuries he has sustained, a wrongful death action is intended to compensate the heirs of the deceased for losses stemming from the death of the injured party.” Id. at 1120 (citing Sheets v. Graco, Inc., 292 N.W.2d 63, 67 (Mo.1980)).
¶25. In Thiroux v. Austin, 749 So.2d 1040 (Miss.1999), this Court modified the applicable limitations period. Noting that the wrongful death statute itself did not contain its own statute of limitations, this Coui’t held that such actions were therefore “limited by the statute of limitation applicable to the tort resulting in the wrongful death.” Id. at 1042. For example, if the wrongful death was caused by an intentional tort such as assault, the one-year statute of limitations specified by Section 15-1-35 would govern. Id. While Thi-roux changed the length of the limitations period for wrongful death actions involving certain torts, it did not alter the long-held rule that only death could initiate the ticking of the clock.
¶ 26. However, in Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923, this Court overruled Gentry, marking a substantial departure from this state’s ancient rule. The Jenkins majority read Thi-roux’s holding that wrongful death actions are “limited by the statute of limitation applicable to the tort resulting in the wrongful death” to mean that the statute of limitations for wrongful death actions begins to run, not at the date of death, but on the date the underlying tort occurred. Jenkins, 933 So.2d at 926. This was an unfortunate and calamitous misinterpretation. In Thiroux, 749 So.2d at 1042, the Court simply had held that the limitations period is governed by that of the underlying tort. This means that the limitations period is the same as the one that applies to the underlying tort. It did not hold, as Jenkins mistakenly concluded, that the statute of limitations begins to run at the time of the underlying tort. Therefore, it is Jenkins that is out of line with Thiroux, and not Gentry,[6]
¶ 27. But this new rule would not last long. In Caves v. Yarbrough, 991 So.2d 142, as in the present case, this Court was *1045 asked to determine when the statute of limitations for a wrongful death claim brought against an MTCA defendant begins to run. The Court noted that the MTCA provides that all actions, “shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based.” Id. at 147 (quoting Miss. Code Ann. § 11 — 46— 11(3)). Finding this language ambiguous, the Caves Court looked to other language in the same statute which referenced “the time at which the cause of action accrued.” Id. (quoting Miss.Code Ann. § 11-46-11(4)). The Court then determined that the statute of limitations for claims brought against MTCA defendants “begins to run when all the elements of a tort, or cause of action, are present.” Id.
¶ 28. Prior to Jenkins, it had been clear that claims brought under the wrongful death statute could not accrue, and the cause of action was not vested, until the alleged victim’s death. But, with Jenkins as precedent, the Caves majority was compelled to look elsewhere for guidance. Relying on a Louisiana Supreme Court decision interpreting the Louisiana wrongful death statute, Caves held that the Mississippi wrongful death statute encompassed several different types of claims. Caves further determined that the time the limitations period began to run was determined by the type of claim:
To summarize, the Mississippi wrongful-death statute, despite the Legislature’s assigned nomenclature, encompasses all claims — ’including survival claims which could have been brought by the decedent, wrongful-death claims, estate claims, and other claims — resulting from a tort which proximately caused a death. And where death is not an immediate result of the tort, the limitation periods for the various kinds of claims may not begin to run at the same time.
Id. at 149-50.
¶ 29. As one studies the Caves opinion, it is unclear exactly what event might trigger the running of the limitations period for a particular claim. This Court attempted to clarify the rule in University of Mississippi Medical Center v. McGee, 999 So.2d 837 (Miss.2008). In McGee, the decedent underwent a hysterectomy on September 1, 2004. Id. at 839. When she returned to the hospital on September 7, 2004, it was discovered that a sponge had been left in her abdomen during surgery. Id. She died on December 19, 2004, and the hospital received a notice-of-claim letter on November 28, 2005. Id. This was within one year of the date of her death, but not within a year of the date the sponge was discovered. The question was which of these events triggered the running of the statute of limitations. According to the Court, Caves held that there were essentially two types of claims that could be brought under the wrongful death statute: wrongful death claims (those personal to the statutory beneficiaries) and survival claims (those personal to the decedent). Id. at 840. The “survival” claims were time-barred because the statute of limitations for those claims began to run on September 7, 2004, the date the sponge was discovered. Id. The “wrongful death” claims were not time-barred because the statute of limitations for these claims could not begin to run until December 19, 2004, the date of death. Id. Thus, according to McGee, the limitations period for “survival” claims begins to run on the date of the injury or its discovery, while the limitations period for “wrongful death” claims begins to run on the date of death.
*1046 ¶ 30. Yet, never before, not even in Jenkins, had this Court made such a distinction between different types of claims brought pursuant to the wrongful death statute. Indeed, this Court had rejected similar arguments, holding that there could be only one statutory wrongful death claim. For example, in Wilks v. American Tobacco Company, 680 So.2d 839 (Miss.1996), the wrongful death heirs claimed that the decedent had died as a result of smoking cigarettes manufactured by the defendant. The jury found that death was unrelated to smoking. Id. at 840. On appeal, the claimants argued that they still should be entitled to recover damages for the lung problems the decedent suffered during his lifetime as a result of smoking. Id. The Court held that because the injuries were unrelated to death, recovery was appropriate only under the survival statute, Mississippi Code Section 91-7-233, and not the wrongful death statute. Id. at 843 (citing Berryhill v. Nichols, 171 Miss. 769, 158 So. 470, 471 (1935)).
¶ 31. Put another way, “[w]hen the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the ‘one suit’ for wrongful death and is not actionable by the estate under the survival statute.” England, 846 So.2d at 1068 (Miss.Ct.App.2003) (citing Edward Hines Yellow Pine Trustees v. Stewart, 135 Miss. 331, 100 So. 12, 14 (1924)). This is a succinct and straightforward statement of Mississippi’s sensible, workable, and time-tested rule on this subject. As there is but one cause of action under the wrongful death statute, the statute of limitations can be triggex-ed only by a single event: the expiration of the decedent’s life.
¶ 32. Nothing is more definite or more easily defined than death. Since the first enactment of the wrongful death statute, the earliest event that could initiate the ticking of the statute of limitations clock was death. That the statute provides for recovery of different types of damages does not change this fundamental precept. Caves misinterpreted the statute, wrongly equating different types of damages with different types of claims. While such an intex-pretation may apply in other states, such as Louisiana, where the wrongful death statute is based on a survival theory, it is inapplicable in Mississippi. In Mississippi, the wrongful death statute “creates a new cause of action that accrues at death in favor of the heirs listed in the statute.” England, 846 So.2d at 1066 (citing Gentry, 606 So.2d at 1119; Byars v. Austin, 218 So.2d 11, 15 (Miss.1969)).
¶ 33. Simply put, Jenkins, Caves, and McGee were wrongly decided, and the statute of limitations for the single cause of action that may be brought pursuant to the wrongful death statute cannot begin to run until the date of death. In the present case, the date of death was December 6, 2004. Because the hospital x-eceived its notice of claim on the one-year anniversary of Mr. Cook’s death, and because the statute of limitations was tolled until Saul filed her complaint, her claims are not time-barred.
GRAVES, P.J., JOINS THIS OPINION.

. The Jenkins opinion also relied on Lee v. Thompson, 859 So.2d 981 (Miss.2003), Wells v. Radiator Specialty Co., 413 F.Supp.2d 778 (S.D.Miss.2006), and Beck v. Koppers, Inc., 2005 WL 2715910 (N.D.Miss.2005), but these cases do not hold that the statute of limitations for wrongful death actions begins to run on the date of the wrongful act. In Lee, 859 So.2d at 982-83, the death and the underlying tort occurred on the same date, so there was no question when the limitations period began to run. This Court simply held that because the underlying tort was murder, deemed an intentional tort by the Court, the one-year limitations period for so-called intentional torts would apply. Id. at 990. As for the federal cases, Wells, 413 F.Supp.2d 778, and Beck, 2005 WL 2715910, the district courts were examining the issue of the discovery rule as it applied to latent injury or disease, and neither case stands for the proposition that the wrongful death statute begins to run on the date of the underlying tort.
Furthermore, on the same day that Jenkins was decided, this Court issued Proli v. Hathorn, 928 So.2d 169 (Miss.2006), which unmistakably found that the statute of limitations for a wrongful death action begins to run on the date of death and not on the date of injury. In Proli, the patient was injured on May 2, 2002, but did not die until May 18, 2002. Id. at 170. This Court plainly said, ‘'[h]ere, the statute of limitations began to run on May 18, 2002,” the date of death. Id. at 175.
For an in-depth discussion of Jenkins and the history of the Mississippi wrongful death statute, see Patrick J. Schepens, Comment, "I'm Not Dead Yet!": An Analysis of the Recent Supreme Court of Mississippi’s Wrongful Death Jurisprudence, 27 Miss. C.L.Rev. 235 (2007-2008).